Jasen, J.
Does a statement made by a defendant to the police before he has been adequately warned of his constitutional rights render inadmissible a later statement made to a police officer after complete warnings have been given? This is the issue on this appeal.
On April 23, 1967, defendant, a 16-year-old boy, was riding in a stolen automobile driven by another youth when they were stopped by Patrolman Rabusch of the Floral Park police for making an illegal turn. Both youths attempted to escape when asked for the registration of the vehicle. The patrolman radioed for assistance, and "then apprehended defendant in the backyard of a nearby home. Defendant was forcibly returned to the patrol ear, and advised that he was entitled to an attorney and had the right not to make any statements. He was not informed, however, that if indigent a lawyer would be appointed to represent him or that any statement he might make could be used against him. Patrolman Rabusch then asked if the car was stolen and defendant admitted that it was. Shortly thereafter, Sergeant O’Donnell, also of the Floral Park police, arrived in response to Patrolman Rabusch’s radio call for ■assistance. Without giving the fourfold Miranda warnings, the sergeant asked defendant why he had run away from the car. Defendant replied that he believed the vehicle was stolen. Sergeant O’Donnell then fully advised defendant of his constitutional rights as required by Miranda v. Arizona (384 U. S. 436). Defendant stated that he waived his rights and would voluntarily answer questions. He then identified the driver of the car, and confessed that they had stolen the car the night before. After unsuccessfully attempting to identify the area from which the car was stolen, defendant was taken to the Floral Park police station. There he was readvised of his *613 constitutional rights, and he then prepared a written confession in his own handwriting.
A Huntley hearing (People v. Huntley, 15 N Y 2d 72) was held to determine the voluntariness of defendant’s admissions and confessions. The hearing Judge suppressed the oral admissions made by defendant before he was fully advised of his constitutional rights by Sergeant O’Donnell. However, the Judge refused to suppress the later oral confession because he determined that defendant had been fully informed of his constitutional rights at the time he made this statement and had voluntarily waived these rights.[1] Thereafter, defendant pleaded guilty and was adjudicated a youthful offender. Sentence was suspended and he was placed on probation. The Appellate Division unanimously affirmed.
The record clearly supports the affirmed findings of fact of the courts below that defendant was advised of his constitutional rights as required by Miranda (supra) before giving his confession and that he intelligently and freely waived these rights. (People v. Leonti, 18 N Y 2d 384, 389-390, cert. den. 389 U. S. 1007; People v. Biot, 19 N Y 2d 753, cert. den. 390 U. S. 960.) There is no allegation of improper force, coercion, brutality or any other impropriety except for the inadequacy of the initial Miranda warnings which was corrected before defendant’s confession in question was obtained.
Defendant’s principal contention is that, despite affirmative and intelligent waiver of his constitutional rights, his confession must be suppressed because it is poisoned by prior oral admissions obtained before complete Miranda warnings were given.
The Huntley hearing Judge properly suppressed the oral admissions defendant made before he was fully informed of his constitutional rights by Sergeant O’Donnell. Defendant had been apprehended by Patrolman Rabusch and forcibly returned to the police car at the time these oral' admissions were made. He was, therefore, in the type of custody requiring the Miranda warnings. (People v. Rodney P. [Anonymous], *614 21 N Y 2d 1, 11; cf. People v. Phinney, 22 N Y 2d 288; cf. People v. Shivers, 21 N Y 2d 118.) Although monitions which convey the substance of the Miranda warnings are sufficient (cf. United States v. Vanterpool, 394 F. 2d 697, 698-699 [2d Cir., 1968]), defendant was not informed before making these admissions of his right to a free attorney if indigent or that any statement he might make could be used against him.
However, it does not follow that defendant’s confession obtained after complete advice of his constitutional rights is necessarily inadmissible because of his earlier oral admissions made after inadequate Miranda warnings. The circumstances under which prior confessions or admissions were obtained should be considered in determining whether subsequent statements are voluntary. Indeed, it has been held that confessions must be excluded where the effect of the earlier abuse is so strong that it necessarily dominated the suspect’s mind to such an extent that the later confession is involuntary. (Lyons v. Oklahoma, 322 U. S. 596; United States v. Bayer, 331 U. S. 532; Westover v. United States, 384 U. S. 436, revg. 342 F. 2d 684 [9th Cir., 1965]; Clewis v. Texas, 386 U. S. 707; Darwin v. Connecticut, 391 U. S. 346.) The general rule was classically formulated in Lyons v. Oklahoma (supra, p. 603): “ The Fourteenth Amendment does not protect one who has admitted his guilt because of forbidden inducements against the use at trial of his subsequent confessions under all possible circumstances. The admissibility of the later confession depends upon the same test—is it voluntary. Of course the fact that the earlier statement was obtained from the prisoner by coercion is to be considered in appraising the character of the later confession. The effect of earlier abuse may be so clear as to forbid any other inference than that it dominated the mind of the accused to such an extent that the later confession is involuntary. If the relation between the earlier and later confession is not so close that one must say the facts of one control the character of the other, the inference is one for the triers of fact and their conclusion, in such an uncertain situation, that the confession should be admitted as voluntary, cannot be a denial of due process.”
In commenting upon the fact that the effect of an improperly obtained statement can never be completely eradicated, the *615 Supreme Court stated: “ Of course, after an accused has once let the cat out of the bag by confessing, no matter what the inducement, he is never thereafter free of the psychological and practical disadvantages of having confessed. He can never get the cat back in the bag. The secret is out for good. In such a sense, a later confession always may be looked upon as fruit of the first. But this Court has never gone so far as to hold that making a confession under circumstances which preclude its use, perpetually disables the confessor from making a usable one after those conditions have been removed. ’ ’ (United States v. Bayer, supra, pp. 540-541.) It is clear, therefore, that the mere fact a defendant makes a statement to the police before he has been adequately warned of his constitutional rights does not, in itself, render inadmissible a later voluntary statement made to a police officer after complete monitions have been given.
The result reached by the application of these principles to this case is clear. The instant case is factually distinguishable from those Supreme Court cases cited above which excluded subsequent confessions as involuntary. The common thread of those cases is coercive forces, either physical or psychological, or a combination of both, which induced a statement and which carried over and dominated the later statements. Here, however, the earlier admissions are not poisoned by any elements which enter into the traditional involuntary rule. There was no unlawful arrest; no delay in arraignment; no protracted and continuous interrogation; no deception, trickery, or other improper influences. Indeed, there was no failure to warn defendant of his right to counsel or his right to silence prior to obtaining his admissions. The sole defect was that the initial monitions were inadequate to fully inform defendant that any statement he might make could be used against him and that he would be supplied with an attorney without cost to him, if indigent.
In sum, defendant’s oral admissions were “ voluntary ” in all respects, but inadmissible by Miranda standards. Moreover, there is absolutely no evidence of improper police conduct in obtaining defendant’s subsequent confession—he was given the complete warnings required by Miranda before confessing, and *616 the evidence of his affirmative waiver of constitutional rights is strong.
We cannot say as a matter of law, therefore, that defendant’s confession was necessarily coerced or dominated by the circumstances producing his earlier admissions. The affirmed findings of fact of the courts below that defendant’s confession was voluntary are clearly supported by the record, and consequently are binding upon this court. (People v. Leonti, supra.) In precisely such a situation the Supreme Judicial Court of Massachusetts found a subsequent confession admissible in Commonwealth v. White (353 Mass. 409, cert. den. 391 U. S. 968 [1968]). (Cf. State v. Outten, 206 So. 2d 392 [Fla., 1968]; cf. United States v. Knight, 395 F. 2d 971 [2d Cir., 1968].) .
The remaining question is whether a minor can waive his constitutional rights without the consent of his parents or guardian.
The very existence of the Miranda warnings imports the right to waive the constitutional rights represented by these monitions, and the Supreme Court has expressly so stated. (Miranda v. Arizona, supra, pp. 475-479; cf. Commonwealth v. Maroney, 352 F. 2d 30 [3d Cir., 1965], cert. den. 384 U. S. 1019 [1966].) We have also recognized the ability of the individual to waive his constitutional rights and make a statement to the police. (People v. Bodie, 16 N Y 2d 275. ) The ability of a defendant to waive his right to counsel was recently restricted by our decision in People v. Arthur (22 N Y 2d 325). However, Arthur [supra) is inapplicable to this case for there is no evidence that defendant indicated a desire for counsel or that an attorney attempted to intervene upon his behalf.
We cannot accept the suggestion that every minor is as a matter of law incompetent to waive his constitutional rights to remain silent and to an attorney unless the waiver is consented to by a parent or guardian who has himself been advised of the minor’s rights. Of course, such adult consent is to be desired.[2] However, whether a minor knowingly and intelligently waived these rights is a question of fact and a mere *617 failure of the police to seek the additional consent of an adult will not outweigh, in any given instance, an evidentially supported finding that such a waiver was actually made.[3] (People v. Biot, supra; People v. Lara, 67 Cal. 2d 365, cert. den. 392 U. S. 945; State v. Gullings, 244 Ore. 173 [1966]; State v. Casey, 244 Ore. 168 [1966].) The Supreme Court of California recently summarized the general rule as follows: “ [A] minor has the capacity to make a voluntary confession, even of capital offenses, without the presence or consent of counsel or other responsible adult, and the admissibility of such a confession depends not on his age alone but on a combination of that factor with such other circumstances as his intelligence, education, experience, and ability to comprehend the meaning and effect of his statement (See cases collected in Note, 87 A.L.R. 2d 624.) Applying the ‘ totality of circumstances ’ test of Gallegos [Gallegos v. Colorado, 370 U. S. 49], such confessions have been held admissible when made by a minor of the age of fourteen, fifteen, sixteen, seventeen, eighteen, nineteen, or twenty. [Footnote citations omitted.] ” (People v. Lara, supra, pp. 383-384.)
Defendant’s age, 16 years, was then one factor, albeit an important one, of many considered by the Huntley hearing Judge in determining whether defendant understood and waived his rights. As indicated above, the record clearly supports the affirmed findings of fact of the courts below that defendant affirmatively and intelligently waived his rights before making his confession. Indeed, defendant does not dispute the fact that he understood his constitutional rights, yet voluntarily confessed.
Accordingly, the judgment of conviction should be affirmed.
Chief Judge. Fuld and Judges Burke, Scileppi, Bergan, Keating and Breitel concur.
Judgment affirmed.

. Defendant’s handwritten confession was not offered in evidence at the Huntley hearing and the hearing Judge and Appellate Division accordingly did not rule upon its admissibility. For this reason, this court does not pass upon the admissibility of defendant’s written confession.

. Section 724 of the Family Court Act requires that the parents of a child under 16 years be advised of his arrest, but by its express terms does not apply to defendant who was over 16 years of age at the time of his arrest.

. Our decision is not affected by Matter of Gault (387 U. S. 1 [1967]). That ease dealt with the conduct of adjudicatory proceedings in the juvenile court, and the opinion expressly states that “ we are not here concerned with the procedures or constitutional rights applicable to the pre-judicial stages of the juvenile process”. (Id., p. 13.) Matter of Gault (supra), therefore, does not establish a constitutional requirement of parental consent for an effective waiver of a juvenile’s rights prior to trial.