Alexander W. Kramer, J.
This is an ex parte application brought on behalf of the defendant for the payment of services rendered on behalf of said defendant — all pursuant to section 722-c of the County Law.
Upon arraignment on or about January 30, 1973, the defendant was ordered held for examination in accordance with CPL 730.
Such examination resulted in a finding indicating defendant’s lack of capacity. The defendant sought to controvert that issue. The matter was adjourned from February 13,1973, to February 27,1973, for hearing.
Section 722-c of the County Law, inter alia, provides: “ Upon a finding in an ex parte proceeding that investigative, expert or other services are necessary and that the defendant is financially unable to obtain them, the court shall authorize counsel, whether or not assigned in accordance with a plan, to obtain the services on behalf of the defendant.”
Clearly the legislative intention indicated prior authorization of the service by the court.
In the instant case no such prior authorization was sought or given despite the two-week gap between February 13 and February 27.
However, section 722-c of the County Law further provides that: “ The court upon a finding that timely procurement of necessary services could not await prior authorization may authorize the services nunc pro tunc.”
The defendant was at all times in custody. He was represented by Legal Aid. The court will take judicial notice of the terrific case load then and now thrust upon that agency. It will equate these two factors to “ a finding that timely procurement of necessary services could not await prior authorization.” It will — accordingly make an appropriate order authorizing the services nunc pro tunc.
Finally, section 722-c of the County Law concludes with the observation that, “ Each claim for compensation shall be supported by a sworn statement specifying the time expended, services rendered, expenses incurred and reimbursement or compensation applied for or received in the same case from any other source.”
No such sworn statement accompanies this application.
Therefore, the application must be denied with leave to renew upon proper papers.