Joseph D. Quinn, Jr., J.
In this criminal action, defendant, who has been indicted on one count of criminally selling a controlled substance in the third degree, in violation of subdivision 1 of section 220.39 of the Penal Law, and on one count of criminal possession of a controlled substance in the third degree, in violation of subdivision 1 of section 220.16 of the Penal Law, has renewed an application for authorization to retain the services of a private investigator, at the expense of the public, to assist him and his attorney in preparing for the trial of this case.
In an opinion handed down in this part on July 25, 1974, Mr. Justice McMahon, inter alia, denied defendant’s prayer for identical relief for lack of a proper showing, without prejudice, however, to renewal upon sufficient papers.
The gist of defendant’s argument here is that (1) he is indigent, (2) he has been accused of selling drugs to an undercover police investigator known as Sevelie Jones, who identified him from a picture, and (3) the investigator may have, in the process of such identification, mistaken defendant for someone else who either resembled him or was impersonating him. On the strength of -such averments, it is claimed that there is a manifest need for investigative aid. Interestingly enough, this claim is asserted, not in the affidavit of defendant which forms a part of the moving papers, but in a companion affidavit submitted by defense counsel.
It cannot be gainsaid that, under appropriate circumstances, the court is empowered to allow counsel for an impecunious criminal defendant to obtain investigative services for his client and to order the county to bear the reasonable cost of those services. (Cf. County Law, § 722-c and § 722-e; People v. Baker, 69 Misc 2d 882; People v. Cotten, 73 Misc 2d 688; cf. People v. Mencher, 42 Misc 2d 819.) But, the applicable statute requires that the court first find that (1) the demanded services are necessary, and (2) defendant is financially unable to obtain them.
In the case at bar, defendant’s indigency is undisputed. There is however, a serious question as to the need for the requested services. Even though the People, gallantly or otherwise, “ take no position ” with respect to this application, defendant’s moving papers are of little help to the court in the resolution of this question.
An examination of the file in this case discloses that (1) the People have served def endant with a CPL 710.30 notice of photographic identification, (2) defendant has been previously given *583 the right, upon the consent of the prosecutor, to inspect any photographs used to identify him, and (3) defendant has been given the right to a pretrial identification hearing.
Three months have passed since Judge McMahon ordered the People to allow defendant to inspect the photographs used to identify him. Defendant has not been heard to complain that the prosecutor has failed to comply with this directive. Presumably, defendant and his attorney have been diligent enough to avail themselves of the opportunity to look at the pictures during the intervening period. Since there is no claim made in the instant moving papers that an inspection of these pictures lent substance to defense counsel’s conjecture regarding defendant’s mistaken identity or impersonation, this court must conclude that there was a contrary result.
Be that as it may, guesswork alone cannot form the basis for a grant of the sort of relief sought, on this application. It would be an abuse of discretion for us to permit defendant to raid the public treasury to hire an investigator under the circumstances which obtain here. For this reason, the renewal application is denied in its entirety on the merits.