■ In the Matter of RAPHAEL A., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order, Family Court, New York County, entered August 12, 1975, adjudicating the respondent-appellant a juvenile delinquent, unanimously affirmed, without costs and without disbursements. The fact-finding determination was that Raphael A. committed acts which if performed by an adult would constitute murder in the second degree. The sole contention on appeal is that the three statements made by Raphael A. while in custody of the police were inadmissible. The juvenile in this case had been informed of his constitutional rights by a reading of the *Miranda* warnings. Attempts made to contact Raphael's mother were unavailing. Raphael, after again being informed of his rights, stated that he understood them. He was then questioned, during which time he admitted to participating in the robbery in question but that it was his accomplice who shot the victim. After Raphael's mother arrived, the *Miranda* warnings were repeated again and after Raphael recounted his version of the occurrence he was given a typed statement and in his mother's presence he signed it. Raphael's mother denied that the statement was signed in her presence. This second statement agreed in substance with that of the first. After the questioning at the stationhouse, while on the way to Spofford Detention

Center, Raphael made his third statement, but this time he admitted that it was he who robbed and killed the victim. At Spofford, after renewed *Miranda* warnings, Raphael recounted this new story and it was typed. Raphael then read and signed it. On appeal, Raphael urges that his first statement was inadmissible since his mother was not present. The subsequent statements, it is argued, were merely part of a "single continuous chain of events" *(People v Chapple,* 38 NY2d 112, 114) and inadmissible as well. However, Raphael's first statement was not rendered inadmissible merely because his mother was not present. Section 724 (subd [b], par [ii]) of the Family Court Act allows questioning of juveniles after every reasonable effort to notify their parents has been made (also, see, *People v Stephen J. B.,* 23 NY2d 611, 616–617). In the case at bar, messages were left and the police waited two and one-half hours for Raphael's mother to appear. Mrs. A. admitted that she delayed coming to the police station for about two hours after she learned of her son's arrest. The delay included a stopover for dinner. There is no indication in the record that respondent was the subject of trickery or maltreatment, and therefore his first statement, given after appropriate warnings and after every effort was made to contact a parent, was admissible. The second statement, made as it was in the presence of Raphael's mother, was unconnected to the first statement and was admissible *(Matter of Emilio M.,* 37 NY2d 173). The third statement, made spontaneously while on the way to Spofford Detention Center and during the course of unrelated conversation, was also properly considered by the court (cf. *People v Kaye,* 25 NY2d 139). We have accordingly affirmed the order of the Family Court. Concur—Kupferman, J. P., Silverman, Capozzoli, Lane and Nunez, JJ.