■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT J. BEVILACQUA, JR., Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered May 23, 1975, convicting him of murder (two counts), robbery in the first degree, grand larceny in the third degree, possession of a weapon, etc., as a felony, possession of a

weapon, etc., as a misdemeanor, and conspiracy in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. In our opinion, appellant's guilt was established beyond a reasonable doubt by overwhelming evidence, including (1) his confession, (2) the testimony of Sharon Scrofani, Laura Fantino and Kathy Gardella as to conversations heard and observations made by them prior to the June 3, 1974 killing of Bartholomew Ruggiero by means of a bullet fired into the back of his head and (3) conversations heard and conduct observed by them after the homicide. We note that the *Huntley* court stated: "This Court had the opportunity to observe the defendant testify under fairly intensive direct and cross-examination. He was obviously completely aware of what was going on, and gave lucid and detailed answers, indicating considerable expertise as to his rights, consistent with that of an intelligent young man who had been arrested and been given his constitutional rights six times before the evening in question. The Court believes that he intelligently and knowingly waived his right to counsel on each of the occasions that his Miranda rights were given to him and that the admissions made, before counsel appeared on the scene, therefore, are not subject to being suppressed." We agree. In our opinion, the *Huntley* ruling was correct. There was no illegality or unconstitutionality in the taking of the oral confession from appellant and the notes thereof. Appellant was not a juvenile (see Family Ct Act, § 724, requiring notice to parents of arrested juveniles under the age of 16 years) and was not 17 years of age, as was the defendant in *People v Townsend* (33 NY2d 37). Appellant was 18 years old at the time of the June 14, 1974 interrogation, and under all of the circumstances, was fully capable of voluntarily and intelligently waiving his *Miranda* rights, without notification to his mother (see, also, *People v Stephen J. B.*, 23 NY2d 611). Appellant's argument, that *Mullaney v Wilbur* (421 US 684) renders unconstitutional the New York statutes which place upon defendants the burden of proving the affirmative defenses of duress and extreme emotional disturbance, must be rejected in view of the holding and rationale of *People v Patterson* (39 NY2d 288) and *People v Harris* (54 AD2d 739). We have examined the trial court's charge and find that it did not contain any disproportionate or improper emphasis with respect to duress or (as contended by appellant) "overemphasize the lack of duress as to defendant". We find no merit to appellant's sentence contentions, particularly his assertion that the mandatory minimum prison sentence requirement for class A felonies (see Penal Law, § 70.00) is unconstitutional (see *People v Broadie*, 37 NY2d 100, 114, cert den 423 US 950). Cohalan, Acting P. J., Margett, Damiani and Mollen, JJ., concur.