In the Matter of BRIAN P. T., Appellant.—Appeal from an order of disposition of the Family Court, Nassau County, entered January 31, 1977, which, upon a determination made after a fact-finding hearing, adjudicated appellant a juvenile delinquent and committed him to the New York State Division for Youth for an indefinite period not to exceed 18 months. Order reversed, on the law, without costs or disbursements, and proceeding remanded to the Family Court for a new hearing in accordance herewith. The appellant was charged with committing acts which, if done by an adult, would constitute the crimes of rape in the first degree and sodomy in the first degree. After a hearing he was adjudicated a juvenile delinquent and found to have committed such acts. At the hearing a composite sketch drawn by a police artist from information furnished by the victim was marked into evidence. This was error (see People v Griffin, 29 NY2d 91; People v Forest, 50 AD2d 260, 262), as was the introduction of evidence that the victim had identified the appellant extrajudicially from a photograph. In addition, the showup of the appellant through a one-way mirror, resulting in the identification of the victim through such means, clearly tainted the identification. However, a more serious error permeated the hearing. Evidence was introduced that the appellant had appeared at police headquar-

ters and had been interrogated by means of a polygraph procedure, the results of which had been properly suppressed prior to the hearing. Nevertheless, evidence was also introduced that following the polygraph procedure the appellant had given a statement to a detective, in the absence of his parents and without notice to them, in which he conceded intercourse with an unidentified female on the date and place in question, but claimed consent. Under these circumstances, the statement should have been suppressed and not permitted to be introduced into evidence (see Family Ct Act, § 724; cf. *Matter of Aaron D.*, 30 AD2d 183; *Matter of William L.*, 29 AD2d 182). That the uncle of the appellant had accompanied him to the police headquarters and had been present at the time the appellant had given his statement to the detective does not cure the failure of the police to notify the appellant's parents or the lack of their presence at the time the statement had been made. There is no showing in this record that the parents knew that any interrogation of the appellant would ensue at police headquarters following the polygraph procedure. For these reasons the adjudication must be reversed and the matter remanded for a new hearing. Hopkins, J. P., Latham, Shapiro and Suozzi, JJ., concur; Hawkins, J., dissents and votes to affirm the order, with the following memorandum: Appellant, *inter alia,* contends that the admission of testimony of the complaining witness as to a prior extrajudicial identification made of him constituted reversible error. On the record presented I find that extrajudicial identifications were improperly admitted. Nevertheless, affirmance is justified because of the strong evidence of appellant's guilt, including an in-court identification which clearly had an independent source. I find appellant's other contentions to be without merit.