OPINION OF THE COURT
Richard D. Rosenbloom, J.
In this juvenile delinquency proceeding, respondent, age 14, is charged with acts which if committed by an adult would constitute the crimes of attempted robbery in the first degree and burglary in the second degree. On January 31, 1978, a hearing was held to determine the voluntariness of a state *1044 ment made by respondent on the day of his arrest (People v Huntley, 15 NY2d 72).
On the day in question, respondent was apprehended by the police and taken to the persons unit of the Rochester Police Department, a facility designated by the Appellate Division, Fourth Department, as a suitable place for the questioning of children. Respondent was placed in a room with Detective Joseph Fornataro who knew respondent, knew that his mother lived in Rochester and had no telephone and also knew that respondent resided in a group home operated by the New York State Division for Youth pursuant to a court-ordered placement. Detective Fornataro telephoned the director of the group home who sent down Donald Burke, a Youth Service Team worker for the Division for Youth who had been assigned to work with respondent seven days earlier. When Burke arrived respondent was advised of his constitutional rights, said that he understood them and agreed to give up his rights and talk with the detective. He was then questioned by the detective and a typewritten statement was prepared. Both respondent and Burke signed a "rights card” and the typewritten statement.
The duties of a peace officer after taking a juvenile into custody are set forth in section 724 of the Family Court Act. Subdivision (a) of section 724 requires the officer to immediately notify the parent or other person legally responsible for the child’s care or the person with whom he is domiciled. In view of the court order placing respondent with the Division for Youth, the division was clearly responsible for respondent’s care. The court finds that Detective Fornataro acted appropriately and in strict compliance with the statute in notifying the director of the Division for Youth group home.
Questioning of a child for a reasonable period of time is authorized by section 724 (subd [b], par [ii]) of the Family Court Act. Although the statute contains no express requirement that the child’s parent be present, the appellate courts have considered this issue. In Matter of Gregory W. (19 NY2d 55), the Court of Appeals held that juveniles were entitled to due process of law and ruled that a confession taken after 24 hours of custody without the parents present in the interrogation room was involuntary. The Appellate Division of both the First and Second Departments have held that "[W]here the child is taken and detained in custody by police officers, the proper safeguarding of his privilege against self-incrimination *1045 suggests that he should not be questioned until he and at least one of his parents are notified of his right to remain silent and of their right to counsel, with a further notification that counsel will be appointed if they are unable to afford a defense.” (See Matter of Aaron D., 30 AD2d 183, 185; Matter of William L., 29 AD2d 182.)
In view of the fact that this proceeding may result in respondent’s placement in a Division for Youth facility with an attendant loss of personal freedom, due process requires no less than adequate notice to respondent and his parent of the charges and of his rights against involuntary self incrimination.
The remaining question to be resolved is whether or not the presence of the Division for Youth worker satisfies the requirements of due process. The worker testified that he had never met respondent and that he introduced and identified himself when he walked into the interrogation room. He had no further conversation and was asked no questions by respondent. The reason for requiring a parent to be present is so that the child will have someone to turn to for advice and mature guidance. The Appellate Division, Second Department, recently held in Matter of Brian P. T. (58 AD2d 868) that the presence of an uncle at the time of a child’s statement did not cure the failure of the police to notify the parents or the lack of their presence at the time of the statement. It follows that the presence of a Division for Youth worker, whom respondent did not know, did not obviate the necessity of a parent being present.
Detective Fornataro properly advised respondent of his constitutional rights as required by Miranda v Arizona (384 US 436). However, the failure to so advise a parent and the absence of a parent with whom respondent could confer creates a reasonable doubt that this 14-year-old respondent knowingly gave up his rights and voluntarily talked with the police. For the foregoing reasons, the Law Guardian’s motion is granted and the statement is suppressed.