■ In the Matter of LAWRENCE W., Appellant.—Appeal from an order of disposition of the Family Court, Kings County, dated September 12, 1978, which, upon a determination that appellant was a juvenile delinquent, placed him with the Division for Youth, Title III, for a period of five years. Order affirmed, without costs or disbursements. The fact-finding determination was that appellant had committed acts which if committed by an adult would have constituted murder in the second degree, manslaughter in the first degree, and attempted robbery in the first degree. The primary question on this appeal concerns the admissibility of a statement made by the appellant to the police in the presence of appellant's uncle, but prior to the arrival of the appellant's mother. The Family Court Judge made the determination that the appellant had a close relationship with his uncle and, in fact, lived with him at times. Moreover, Judge Greenbaum further found that the appellant did not reside with his mother. There is nothing in the record to refute these findings. Under these circumstances, the police substantially complied with the requirements of section 724 of the Family Court Act (cf. *Matter of Emilio M.,* 37 NY2d 173), and hence, the statement made in the uncle's presence was properly received into evidence.* We note that this case may be distinguished from the situation in *Matter of Brian P.T.* (58 AD2d 868) where there was no showing of the close relationship between the appellant and his uncle as there is in the matter at bar. Damiani, J. P., Mangano, Rabin and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNESTO BROWN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 29, 1978, convicting him of criminal sale of a controlled substance in the second and third degrees, upon a jury verdict, and sentencing him to concurrent prison terms of from six years to life. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence for criminal sale of a controlled substance in the third degree to one year to life. As so modified, judgment affirmed. The sentence was excessive to the extent indicated herein. Hopkins, J. P., Damiani, Lazer and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CRUZ, Appellant.—Judgment of the Supreme Court, Queens County, rendered May 3, 1978, affirmed. No opinion. The case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Damiani, J. P., Mangano, Rabin and Margett, JJ., concur.

---

* Section 724 of the Family Court Act requires notification of the juvenile's "parent * * * or the person with whom he is domiciled, that he has been taken into custody." (Emphasis supplied.)