■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD YARU-SEVICH, Appellant. — Judgment, Supreme Court, New York County, rendered February 21, 1979, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to an indeterminate term of from 20 years to life imprisonment, unanimously reversed, on the law, and a new trial ordered. Since the defendant was not in custody on August 21, 1977, his statements given to the police during the investigation were properly received in evidence. (People v Yukl, 25 NY2d 585.) On September 1, 1977, defendant waived his right to counsel after being given appropriate warnings by Detective Minichiello. Hence, those voluntary statements were admissible (People v Stephen J. B., 23 NY2d 611). However, defendant's statements on September 2, 1977 to Assistant District Attorney Murray were inadmissible because they were made after he had requested counsel. This fundamental error warrants the grant of a new trial. (People v Cunningham, 49 NY2d 203; People v Dean, 47 NY2d 967.) At the end of Williams' direct testimony, defense counsel moved to strike her testimony for her lack of mental capacity to testify (CPL 60.20, subd 1; People v Parks, 41 NY2d 36, 45-46). At the very beginning of Williams' testimony, defense counsel had objected to the leading questions that were being asked by the prosecutor. At that point, the prosecutor had conceded that Williams was "mentally slow". Her subsequent answers on direct examination reconfirmed the prosecutor's evaluation of her mental status. We believe the trial court on any new trial should consider the question of her mental capacity. Concur — Murphy, P. J., Kupferman, Sandler, Markewich and Lynch, JJ.