■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MOORE, Also Known as ROBERT SULLIVAN, Appellant.

—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered June 8, 1984, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Under the circumstances of this case and in view of the overwhelming evidence of the defendant's guilt, the brief reference to the defendant's postarrest silence was harmless beyond a reasonable doubt (see, People v Crimmins, 36 NY2d 230, 237). Moreover, the remarks objected to by the defendant in the prosecutor's summation constituted a fair response to defense counsel's summation and were therefore not improper (see, People v Colon, 122 AD2d 151; People v Saylor, 115 AD2d 671, lv denied 67 NY2d 889; People v Gilmore, 106 AD2d 399, 401).

Since the defendant did not demonstrate the necessity for the appointment of a fingerprint expert on his behalf under County Law § 722-c, the trial court did not abuse its discretion in denying his request to appoint such expert (see, Johnson v Harris, 682 F2d 49, 50, cert denied 459 US 1041; People v Pride, 79 Misc 2d 581). Further, the trial court did not act improperly when it ordered the defendant to be fingerprinted (see, CPL 240.40 [2] [b] [iii]) and when it admitted the unsigned arrest fingerprint samples of the defendant, which were found to be identical to the defendant's fingerprints taken at trial (cf. People v Pabon, 120 AD2d 685).

Neither denial of youthful offender status by the sentencing court (see, People v Selg, 110 AD2d 918; People v Parris, 109 AD2d 853) nor the sentence imposed (see, People v Suitte, 90 AD2d 80) was inappropriate. The defendant's remaining arguments are either unpreserved for appellate review or without merit. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.