■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSHUA BONAPARTE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pesce, J.), rendered July 2, 1985, convicting him of murder in the

second degree, upon his plea of guilty, and imposing sentence as a juvenile offender. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant, a juvenile offender, contends that his confession should have been suppressed because his mother was not advised of his rights under *Miranda v Arizona* (384 US 436) prior to his questioning. Under the circumstances of this case we disagree.

Late in the evening on April 9, 1984, the defendant, then age 15, surrendered to the police, admitting involvement in a fatal shooting. The detective investigating the shooting immediately notified the defendant's mother that her son was in custody, charged with murder, and asked her to come to the precinct *(see,* CPL 140.20 [6]). According to the detective, the mother refused, stating that she had no money and was too upset and nervous to leave her home. She also declined the detective's offer to send a car for her. Approximately 15 minutes later, the detective placed a second call to the defendant's mother, asking her once more to come to the precinct or, in the alternative, to send a relative or friend in her stead. She again declined to go, and she told the detective that her other son was in prison, and that nobody else was available. At no time was the mother advised over the telephone that her son had the right to remain silent and the right to counsel. The defendant was advised, however, and he thereafter submitted to questioning without a parent or any other person present on his behalf; his resulting confession was recorded on videotape.

On these facts, suppression of the defendant's confession was properly denied. Because the defendant was arrested as a juvenile offender, the police discharged their statutory duty *(see,* CPL 140.20 [6]) by immediately notifying his mother of the arrest and the place of detention. Even if we were to apply the greater protections afforded to juvenile delinquents *(see,* Family Ct Act § 305.2; *People v Ward,* 95 AD2d 351, 354; *People v Susan H.,* 124 Misc 2d 341, 345), we would reach the same conclusion. Under the Family Court Act, an officer who takes a juvenile delinquent into custody must immediately notify the parent of that fact (Family Ct Act § 305.2 [3]), and the statute directs that the officer make "every reasonable effort" to provide such notice (Family Ct Act § 305.2 [4]).

However, the Family Court Act contemplates that it may be necessary to question a child even when a parent cannot be notified or where a parent is duly notified but declines to appear (Family Ct Act § 305.2 [4] [b]). Thus, the Family Court Act requires that the child be advised of his rights before questioning in all cases, but the parent need be advised of the child's rights only "if present" (Family Ct Act § 305.2 [7]). Moreover, the statute provides that in determining the appropriateness of questioning, the presence or absence of the child's parents is but one of several factors to be considered (Family Ct Act § 305.2 [8]; *People v Susan H., supra,* at 346).

We conclude, therefore, that the detective's failure to have advised the defendant's mother of her son's constitutional rights in the course of the initial telephonic notification did not violate any statute and did not amount to a deprivation of the defendant's right to due process *(In re Gault,* 387 US 1; *People v Stephen J. B.,* 23 NY2d 611, 616-617). We further conclude, on the basis of the record and the videotape, that the defendant was questioned for a reasonable period of time after knowingly and voluntarily waiving his rights (Family Ct Act § 305.2 [8]; *Matter of Albert R.,* 121 Misc 2d 636). Bracken, J. P., Brown, Niehoff and Kooper, JJ., concur.