■ In the Matter of JERMAINE W., Appellant. [619 NYS2d 741] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Hepner, J.), dated April 7, 1992, which, upon a fact-finding order of the same court, dated April 6, 1992, made upon the appellant's admission, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a weapon in the third degree, placed the appellant with the New York State Division for Youth for 18 months. The appeal brings up for review the denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress certain physical evidence and statements.

Ordered that the order of disposition is affirmed, without costs or disbursements.

At approximately 6:00 P.M., on March 14, 1992, two police detectives went to the appellant's home in response to a complaint that accused the appellant of burglary. The appellant's mother invited the detectives into her home and, when they indicated that the appellant might have a weapon, she gave them permission to search her apartment. The detectives found a gun in the bedroom and the appellant, then age 14, was arrested and taken to the police station. The appellant's mother declined to go with the appellant to the station since she was getting ready to go to work. At the police station, the detective called the appellant's mother and she again declined to go to the police station. At no time was the mother advised over the telephone of her son's *Miranda* rights *(see, Miranda v Arizona*, 384 US 436). After speaking with his mother, on the telephone, the appellant was advised of his *Miranda* rights,

and thereafter gave a statement to the police. After a hearing, the Family Court ruled that the gun and the appellant's statements would be admissible against him.

With respect to the appellant's claim that the warrantless search of his home violated his legitimate expectation of privacy, the evidence in the record establishes that the appellant's mother consented to the police detectives' entry. In fact, after the detectives told the mother that they believed the appellant had a weapon, she told them to " 'come and look' ". In addition, the appellant's mother helped the detectives look for the gun. Thus, by her words and conduct, she clearly indicated her consent (see, People v Satornino, 153 AD2d 595). The appellant adduced no facts that would show he had a legitimate expectation of privacy (see, People v Whitfield, 81 NY2d 904).

In addition, on these facts, suppression of the appellant's statements was also properly denied. The police discharged their statutory duty (see, Family Ct Act § 305.2 [3]) by calling the appellant's mother from the police station. Since the appellant's mother was duly notified but declined to come to the police station, the police were under no duty to advise her of her son's Miranda rights before advising the appellant thereof (see, Family Ct Act § 305.2 [7]; People v Bonaparte, 130 AD2d 673). Copertino, J. P., Pizzuto, Santucci and Florio, JJ., concur.