(September 3, 1998)

■ In the Matter of Johnnie A., a Person Alleged to be a Juvenile Delinquent, Appellant. [679 NYS2d 1] —Order of disposition, Family Court, New York County (Leah Marks, J.), entered on or about June 11, 1997, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that appellant had committed acts which, if committed by an adult, would constitute the crimes of criminal possession of a weapon in the second and third degrees, and placed him under the supervision of the Division for Youth for up to 18 months, unanimously affirmed, without costs.

The officer's late-night observation of appellant with a group of individuals on a street corner, drinking what reasonably appeared to be an alcoholic beverage from an open bottle, coupled with appellant's flight upon the officer's lawful approach (see, People v Kreichman, 37 NY2d 693, 698-699; People v Winthrow, 239 AD2d 264, lv denied 90 NY2d 899; People v Shaw, 193 AD2d 390, lv denied 82 NY2d 759) provided probable cause to arrest appellant pursuant to Administrative Code of the City of New York § 10-125. Since the police action was legal, the weapon abandoned by appellant was not subject to suppression (People v Matienzo, 81 NY2d 778).

Appellant's motion to suppress statements was properly denied. Since appellant's mother twice declined to go to the precinct after having been notified pursuant to Family Court Act § 305.2 (3) of her son's arrest, the police were under no duty to advise her over the telephone of appellant's rights, prior to advising him of his rights (Matter of Jermaine W., 210 AD2d 236).

We have reviewed appellant's remaining arguments and find them to be without merit. Concur—Lerner, P. J., Rubin, Williams, Mazzarelli and Andrias, JJ.