■ In the Matter of Chaka B., a Person Alleged to be a Juvenile Delinquent, Appellant. [822 NYS2d 514]—

Order, Family Court, New York County (Susan R. Larabee, J.), entered on or about July 18, 2005, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed acts, which if committed by an adult, would constitute the crimes of criminal possession of a weapon in the second and third degrees, possession of pistol or revolver ammunition and unlawful possession of weapons by a person under 16 (two counts), and placed him on probation for a period of 18 months, unanimously affirmed, without costs.

The court properly denied appellant's motion to suppress statements. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). The record establishes that the police made reasonably diligent efforts to notify a parent or other relative before questioning appellant (*see* Family Ct Act § 305.2; *People v Bonaparte*, 130 AD2d 673 [1987], *lv denied* 70 NY2d 703 [1987]; *Matter of Raphael A.*, 53 AD2d 592 [1976]). There was nothing oppressive about the

questioning or the conditions of appellant's confinement, and the police decision to conduct an interrogation was entirely appropriate, given their need to determine whether or not appellant was engaged in joint criminal activity with his armed companion. Appellant did not preserve his claim that his statement was the product of an unlawful arrest, and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. Concur—Saxe, J.P., Marlow, Nardelli, Sweeny and Catterson, JJ.