■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAWAHI D. WOFFORD, Appellant. [886 NYS2d 273]—

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered July 17, 2006. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the second degree (Penal Law § 140.25 [2]), arising from an incident in which he entered an apartment and stole property. Defendant contends that the conviction is not supported by legally sufficient evidence because the fingerprint identification evidence, which was the sole direct proof identifying him as the perpetrator, did not establish that he entered the apartment on the specific date charged in the indictment. We reject that contention. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury based on the evidence at trial (*see generally People v Danielson*, 9 NY3d 342, 349 [2007]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Based on the testimony of tenants in the apartment building where

the victim resided, a rational juror could have found that defendant's fingerprints found on one of the bedroom windows and a bowl from which personal property was taken were left by the perpetrator on the date specified in the indictment. Present—Scudder, P.J., Martoche, Peradotto, Carni and Gorski, JJ.