■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMEL ROBINSON, Appellant. [892 NYS2d 882]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered May 2, 2005, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.

Ordered that the judgment is affirmed.

The hearing court properly declined to suppress the defendant's statement made to law enforcement officials. The statement was obtained in compliance with CPL 140.20 (6) since the police immediately notified the defendant's foster mother, the person legally responsible for his care, of his arrest and place of detention. The mandates of the Family Court Act regarding parental notification do not apply here because the defendant was arrested as a "juvenile offender" (*People v Vargas*, 169 AD2d 746, 747 [1991]; *see People v Bonaparte*, 130 AD2d 673 [1987]; *see also* CPL 1.20 [42]). In any event, the police satisfied the requirements of the Family Court Act by immediately notifying the defendant's foster mother that the defendant was taken into custody (*see* Family Ct Act § 305.2 [3]). Suppression of the statement is not required simply because the foster mother declined to appear at the precinct and chose to designate someone in her place (*see Matter of Anthony L.*, 262 AD2d 51 [1999]; *Matter of Jermaine W.*, 210 AD2d 236, 237 [1994]; *People v Bonaparte*, 130 AD2d at 674-675).

Since the defendant failed to demonstrate the necessity for the appointment of a DNA expert on his behalf pursuant to County Law § 722-c, the trial court providently exercised its discretion in denying the defendant's request to appoint and retain such an expert (*see Matter of Garfield M.*, 128 AD2d 876, 877 [1987]; *People v Moore*, 125 AD2d 501 [1986]). Rivera, J.P., Leventhal, Hall and Sgroi, JJ., concur.