Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered December 4, 2009, convicting him of burglary in the second degree and imposing sentence.
Ordered that the judgment is affirmed.
The County Court properly denied the defendant’s request to conduct a Frye hearing (see Frye v United States, 293 F 1013 [DC Cir 1923]), with respect to a latent fingerprint comparison identifying him as a perpetrator in the charged crime. New York *920 courts evaluate the admissibility of expert testimony under the Frye test (see id,.; People v Wernick, 89 NY2d 111 [1996]), pursuant to which such testimony must be based on principles that are generally accepted in the relevant scientific community (see People v LeGrand, 8 NY3d 449 [2007]; People v Wernick, 89 NY2d 111 [1996]; People v Wesley, 83 NY2d 417 [1994]). A “court need not hold a Frye hearing where it can rely upon previous rulings in other court proceedings as an aid in determining the admissibility of the proffered testimony” (People v LeGrand, 8 NY3d at 458). Given the longstanding acceptance of fingerprint evidence by New York courts (see e.g. People v Roach, 215 NY 592 [1915]; People v Burnell, 89 AD3d 1118, 1121-1122 [2011]; People v Wofford, 66 AD3d 1404, 1404 [2009]; People v Garcia, 299 AD2d 493, 493 [2002]), the County Court properly determined that a Frye hearing was not necessary here.
Contrary to the defendant’s contention, since he did not demonstrate the necessity for the appointment of fingerprint experts on his behalf under County Law § 722-c, the County Court providently exercised its discretion in denying his request to appoint such experts (see People v Moore, 125 AD2d 501 [1986]; see also People v Robinson, 70 AD3d 728, 728 [2010]). Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.