■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE BASONO, Appellant. [997 NYS2d 415]—

Judgment, Supreme Court, New York County (Robert H. Straus, J.H.O., at suppression hearing; Robert M. Stolz, J., at suppression decision; Daniel P. Conviser, J., at jury trial and sentencing), rendered August 9, 2011, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of 2½ years, unanimously modified, on the law, to the extent of vacating the sentence and remanding for resentencing.

The court properly denied defendant's suppression motion. An officer observed defendant and a group of others congregating with white foam cups and open bottles in their hands or nearby. Although the officer could not see the labels on the bottles, he was able to recognize them as liquor bottles. As the police approached, defendant and others attempted to cover the cups with their hands and kick away the bottles, and defendant fled. This pattern of behavior lacked any reasonable innocent explanation, and it provided reasonable cause to believe that defendant possessed an open container containing alcohol with the intent to consume it in public, in violation of the Open Container Law (Administrative Code of City of NY § 10-125 [b]). Accordingly, the police properly pursued defendant (*see People v Canty*, 55 AD3d 330 [1st Dept 2008], *lv denied* 11 NY3d 896 [2008]; *People v Bothwell*, 261 AD2d 232, 234-235 [1st Dept 1999], *lv denied sub nom People v Rothwell*, 93 NY2d 1026 [1999]; *Matter of Johnnie A.*, 253 AD2d 578 [1st Dept 1998]) and lawfully recovered the weapon he discarded during the chase.

Although it is apparent from the record of the sentencing proceeding that the court did not believe that defendant was entitled to youthful offender treatment, it did not make the requisite explicit determination on the record at sentencing (*see*

*People v Rudolph*, 21 NY3d 497 [2013]; *People v Flores*, 116 AD3d 644 [1st Dept 2014]; *People v Smith*, 113 AD3d 453, 454 [1st Dept 2014]). Concur—Friedman, J.P., Renwick, Moskowitz, Richter and Manzanet-Daniels, JJ.