■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMON DAYS, Appellant. [26 NYS3d 210]—Appeals by the defend-

ant from (1) a judgment of the Supreme Court, Queens County (Latella, J.), rendered May 22, 2013, convicting him of burglary in the second degree under indictment No. 371/12, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court (Kron, J.), rendered June 21, 2013, convicting him of attempted burglary in the second degree under indictment No. 371/12, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his motion in limine, seeking to preclude the People's expert witness from opining that the latent fingerprints found in the home of one of the complainants matched the defendant's fingerprints (*see generally People v Roach*, 215 NY 592 [1915]; *People v Wilson*, 107 AD3d 919 [2013]; *People v Burnell*, 89 AD3d 1118 [2011]; *People v Wofford*, 66 AD3d 1404 [2009]; *People v Garcia*, 299 AD2d 493 [2002]).

The defendant failed to preserve for appellate review his present challenge to the legal sufficiency of the evidence supporting his conviction of burglary in the second degree (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the prosecutor's comments during summation deprived him of a fair trial is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the prosecutor's comments did not deprive the defendant of a fair trial because the challenged comments were either fair response to the defendant's attack on the credibility of the People's witnesses, or within the bounds of appropriate argument based on the evidence (*see People v Galloway*, 54 NY2d 396 [1981]; *People v Ashwal*, 39 NY2d 105 [1976]; *People v Arroyo*, 125 AD3d 987 [2015]).

The defendant's remaining contentions either are without merit or need not be reached in light of our determination. Mastro, J.P., Leventhal, Austin and LaSalle, JJ., concur.