People v Hernandez (2025 NY Slip Op 03636)

People v Hernandez

2025 NY Slip Op 03636

Decided on June 12, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 12, 2025

Before: Kern, J.P., Kennedy, Friedman, Shulman, O'Neill Levy, JJ. 

Ind No. 89/11|Appeal No. 4581|Case No. 2024-05695|

[*1]The People of the State of New York, Respondent,
v
Jonathan Hernandez, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Allison Haupt of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Hunter Baehren of counsel), for respondent.

Order, the Supreme Court, New York County (Miriam R. Best, J.), entered on or about October 4, 2023, which denied defendant's CPL 440.20 motion to set aside his sentence, unanimously reversed, on the law, and the matter remanded for a youthful offender determination.
As the People concede, defendant's claim under People v Middlebrooks (25 NY3d 516 [2015]) and People v Rudolph (21 NY3d 497, 501 [2013]) is cognizable in a CPL 440.20 motion to set aside his sentence (see People v C.D.C, 235 AD3d 505, 506 [1st Dept 2025]), as the remedy for a Middlebrooks or Rudolph error is vacatur of the sentence and resentencing for express youthful offender determinations (see Rudolph, 21 NY3d at 502-503; People v R.B., 227 AD3d 420, 420-421 [1st Dept 2024]).
Furthermore, defendant is entitled to resentencing under Middlebrooks, as he was a youth convicted of at least one armed felony offense (see CPL 720.10[1] and [2]; CPL 1.20[41]), and the sentencing court failed to make the requisite on-the-record determination of defendant's status as an eligible youth, with reference to the factors enumerated in CPL 720.10(3)(see Middlebrooks, 25 NY3d at 527). At resentencing, if the court determines on the record, in the exercise of its discretion, that the CPL 720.10(3) factors do not exist and that defendant therefore is not an eligible youth, no further determination is required (C.D.C., 235 AD3d at 506). However, if the court determines that defendant is an eligible youth based on the presence of one or more of those factors, the court must exercise its discretion a second time to determine whether the eligible youth should be granted youthful offender treatment (see Middlebrooks, 25 NY3d at 525; C.D.C., 235 AD3d at 506). Although it is apparent that the court did not believe a youthful offender adjudication was warranted, defendant is nevertheless entitled to an "explicit determination on the record" (People v Basono, 122 AD3d 553, 553 [1st Dept 2014], lv denied 25 NY3d 1069 [2015]; see also People v Banister, 158 AD3d 569, 570 [1st Dept 2018], lv denied 31 NY3d 1078 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 12, 2025