■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARFIELD A. PLOSS, Appellant. — Appeal from a judgment of the County Court of Schenectady County (Stroebel, Jr., J.), rendered August 1, 1983, upon a verdict convicting defendant of the crimes of rape in the first degree, assault in the second degree and unlawful imprisonment in the first degree.

Defendant was convicted for crimes arising out of his attack on a 16-year-old girl he had accosted on her way to Mount Pleasant High School in the City of Schenectady at about 7:00 A.M. on May 6, 1982. Defendant grabbed the girl, pulled her down a steep hill that ends at Route 890, threatened her with physical harm if she did not cooperate, struggled with her until she lost consciousness and raped her. After the incident, the victim complained to the school authorities. Driving into work that morning, Walter Le Clair, the school principal, recognized defendant leaving the scene and gave his name to the investigating police officer. The officer took the victim to St. Clare's Hospital, where she was treated for cuts and abrasions only, since at that time she had not disclosed the rape due to fear and embarrassment. She was then taken to police headquarters where she identified defendant photographically.

Defendant was interviewed the following day at his home and, after voluntarily accompanying the officer to the police station, gave a statement indicating that he had engaged in sexual intercourse with the victim. At trial, defendant denied the facts contained in his statement and admitted only to meeting and kissing the victim, who said she had time to kill and who did not object to his display of affection.

The rape was admitted for the first time by the victim before the Grand Jury on May 19, 1982. She was taken to Ellis Hospital for an additional examination on May 20, 1982.

Defendant urges reversal of his conviction, claiming (1) denial of effective assistance of counsel, (2) the lack of the corroboration of his confession as required by CPL 60.50, and (3) the denial of a fair trial by virtue of prosecutorial misconduct. It is defendant's further contention that at the very least a modification of his conviction is mandated (1) by the excessiveness of his sentence and (2) because his conviction for unlawful imprisonment in the first degree merged into his conviction for rape in the first degree.

In part, defendant links his claim of lack of effective representation by trial counsel to his claim of failure of sufficient corroboration of his confession under CPL 60.50. Defense counsel did not request the trial court to charge that statute when the court itself neglected to do so. Defendant, citing *People v Ruckdeschel* (51 AD2d 861), argues that this failure on the part of the court and his counsel deprived him of a fair trial, since the victim testified she was unconscious at the time of penetration, did not remember it, and so left no evidence dehors defendant's confession to support his conviction of rape in the first degree. The argument, however, ignores the testimony of the victim that she was naked when she regained consciousness; felt pain and was bleeding from the vagina; had never before engaged in sexual intercourse; and was found to be nonvirginal when she was examined at Ellis Hospital on May 20, 1982. This evidence was sufficient to corroborate the element of penetration and defendant was sufficiently identified as the rapist by the victim's in-court identification of him and by the testimony of the witness Le Clair who saw defendant fleeing the scene. The record, containing more than the required corroborative evidence, renders the trial court's failure to charge CPL 60.50 harmless error, and for that same reason defense counsel's failure to request such charge cannot be considered inadequate representation.

On similar reasoning it must be concluded that the neglect of defense counsel to object to the admission of pretrial photographic identification under *People v Cioffi* (1 NY2d 70) was harmless as well, in view of the positive in-court identification of defendant made by the victim and by the witness Le Clair. Without some showing of how it was improper, counsel's failure to request a pretrial hearing of the photo array must also be considered harmless.

The other contentions of defendant regarding inadequate representation, among which were his counsel's failure to seek a pretrial *Sandoval* ruling and to object to the closing of the trial to the public during the victim's testimony (see *People v Dawson*, 84 AD2d 957, application for lv to app den 57 NY2d 958, cert den 458 US 1112), have been considered and have failed, in our opinion, to establish that defendant was inadequately or incompetently represented under the standard of *People v Baldi* (54 NY2d 137) or *Strickland v Washington* (466 US __, __, 104 S Ct 2052, 2064).

One additional claim in regard to defendant's legal representation requires mention. Defendant argues that his conviction for unlawful imprisonment in the first degree merged into his conviction for rape in the first degree, and that his counsel's

failure to move for dismissal of the unlawful imprisonment conviction demonstrates his incapacity and patently prejudiced defendant. In support of his position, defendant cites *People v Geaslen* (54 NY2d 510) and *People v Stoesser* (92 AD2d 650). These authorities considered the merger of unlawful imprisonment in the *second* degree into rape in the first degree. Therefore, they are inapposite, for here we must consider unlawful imprisonment in the first degree as the merging crime. Rape in the first degree committed, as herein, on the theory of forcible compulsion (Penal Law, § 130.35, subd 1), can be predicated on a showing of fear of physical injury (Penal Law, § 130.00, subd 8) and can, therefore, theoretically be committed without concomitantly committing unlawful imprisonment in the first degree, which requires the restraint of another "under circumstances which expose the latter to a risk of serious physical injury" (Penal Law, § 135.10). Thus, unlawful imprisonment in the first degree is not a lesser included offense of rape in the first degree under the first prong of the test prescribed by *People v Glover* (57 NY2d 61). Lacking a legal merger, defense counsel cannot be faulted for failing to move for dismissal of the unlawful imprisonment in the first degree conviction.

We have examined defendant's claim of the prosecution's improper trial conduct and find that it lacks merit and that defendant was not deprived of a fair trial by any prosecutorial utterance or display. Furthermore, under the circumstances, the punishments of 6 to 18 years on the rape in the first degree conviction, 2 to 6 years on the assault in the second degree conviction and 1 to 3 years on the unlawful imprisonment in the first degree conviction, all sentences to run concurrently, were all within permissible statutory limits, and there has been no abuse of judicial discretion (*People v Moskowitz,* 55 AD2d 791).

Whether considered singularly or collectively, defendant's arguments do not demonstrate error so substantial as to require reversal of his conviction.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.