■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS W. FENTON, Appellant.—Levine, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered April 19, 1988, upon a verdict convicting defendant of the crimes of burglary in the first degree, rape in the first degree and sexual abuse in the first degree.

On August 11, 1987, defendant was taken into custody for questioning by the police in the City of Elmira, Chemung County, who were investigating an attack on a woman which had occurred earlier that day. While defendant initially denied any involvement with the attack, he eventually gave a confession in which he stated, *inter alia,* that he had raped the victim because he "wanted to teach her a lesson for picking on [his] sisters". Thereafter, defendant was charged with and indicted for the crimes of burglary in the first degree, rape in the first degree and sexual abuse in the first degree. The matter then proceeded to trial where defendant was convicted as charged. This appeal ensued.

Initially, we reject defendant's contention that the evidence presented at trial was insufficient to corroborate his confession as required by CPL 60.50. The corroboration requirement of CPL 60.50 " 'is satisfied by the production of some proof, of

whatever weight, that a crime was committed by someone' " *(People v Murray,* 40 NY2d 327, 332, *cert denied* 430 US 948, quoting *People v Daniels,* 37 NY2d 624, 629; *see, People v Safian,* 46 NY2d 181, 186, *cert denied sub nom. Miner v New York,* 443 US 912). In this case, the victim testified that, on the morning of August 11, 1987, she went into her cellar where she was grabbed from behind, thrown to the ground and eventually knocked unconscious during a struggle with her two assailants. Further, the victim testified that upon regaining consciousness, she discovered that her sweat pants were down around her knees, that her underwear had been torn on one side, that her breasts were scratched and swollen and that she felt a sharp, stabbing pain in her vagina. In addition to this testimony, the victim's examining physician testified that, while she could not determine with any reasonable degree of scientific certainty that the victim had had sexual intercourse, she had observed that the victim's chest was scratched and that she exhibited physical and verbal signs of sensitivity during the pelvic examination. In view of the foregoing testimony, we conclude that there was sufficient evidence presented at trial to corroborate defendant's confession *(see, People v Ploss,* 105 AD2d 1031, 1032).

The only other significant argument raised by defendant is that County Court's denial of his request to instruct the jury that intent is an element of the crime of rape in the first degree warrants a reversal of his rape conviction. We disagree. While intent is clearly an element of rape in the first degree *(see,* Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law art 15, at 33; *see also, People v Burgess,* 107 AD2d 703, 705; *People v Morrison,* 58 AD2d 699), we find that the element of intent is implicit in the element of forcible compulsion, on which the jury was properly instructed in this case. Further, even if we were to attribute error to County Court's charge, such error would be harmless. There is nothing whatsoever in the record which would suggest that defendant's acts, if committed, were anything but intentional.

We have examined defendant's remaining contentions and find them to be without merit.

Judgment affirmed. Kane, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.