■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIPE VARGAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered July 15, 1982, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the afternoon of July 20, 1980, the defendant, then 15 years old, and two accomplices robbed and stabbed to death an elderly man they found waiting on the elevated platform of the Kosciusko Street subway station. One of his accomplices confessed and implicated the defendant in the crime.

The defendant was arrested outside his home in the presence of his mother and she accompanied him to the precinct. They were taken to the juvenile interview room where a detective read the defendant his *Miranda* rights in English

and he acknowledged and waived them. Another detective read these rights to the defendant's mother in Spanish, and explained that the detectives were going to question her son about a homicide. The mother remained with the defendant during the ensuing questioning, which was in English.

Contrary to the defendant's argument on appeal, the failure of the police to translate the questioning into Spanish for his mother did not violate any provision of the Family Court Act or the Criminal Procedure Law. Central to the defendant's challenge is his contention that the police failed to comply with Family Court Act § 305.2. We reject this claim for several reasons.

First, Family Court Act § 305.2 had not yet been enacted at the time of the defendant's arrest. Second, even had the statute been in effect, it would not have applied to the defendant. Because he was arrested as a juvenile offender (see, CPL 1.20 [42]) and not as a juvenile delinquent, the defendant was entitled to the protections of the CPL but not the greater protections of the Family Court Act (see, People v Bonaparte, 130 AD2d 673). Thus, the police discharged their statutory duty by immediately notifying the defendant's mother of his arrest and the place of detention (see, CPL 140.20 [6]). In any event, upon the facts of this case we find no violation of Family Court Act § 305.2. That statute provides, in relevant part, that if a parent is present for the questioning, the police must read the juvenile's rights to him or her as well as to the juvenile (see, Family Ct Act § 305.2 [7]). The police clearly complied with that requirement.

We have examined the remaining contentions advanced by the defendant and find them to be without merit. Thompson, J. P., Kunzeman, Lawrence and O'Brien, JJ., concur.