■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JONATHAN BROWN, Respondent.—Order, Supreme Court, New York County (Renee A. White, J.), entered September 21, 1990, which granted defendant's motion for dismissal of Indictment Number 3152/90, charging him with criminal possession of stolen property in the fourth degree, on the ground there was insufficient evidence submitted to the Grand Jury, unanimously reversed, on the law, the motion denied, and the indictment reinstated.

Based on its review of the Grand Jury minutes, the Supreme Court found that the sole evidence linking the defendant with the stolen car was his own statement admitting he had driven the car, and that "such evidence is not corroborated by any additional or independent proof". The court, however, misapplied the law pertaining to corroboration in reaching its conclusion.

Police Officer O'Brien and his partner observed the subject automobile parked in a "No Standing" zone, with no license plates, a "scratched up" lock on the driver's door, a "popped" trunk lock which had been "tampered with", a motor vehicle registration sticker which had been partially scraped away from the windshield, and the left side of the steering wheel column "chipped away" (a method of bypassing the ignition system enabling someone to start the car without a key).

When Officer O'Brien examined the auto which had a passenger, the defendant approached and told the officer that the car belonged to him and that he did not have the keys to the car. He then changed his explanation and said one Cory

Lee had given him the car that morning and that he had driven it from Brooklyn to Manhattan. There was further evidence before the Grand Jury that the car was owned by Carlos Ararat who had not given defendant the right to use the car and that the car was valued in excess of $100.

CPL 60.50 states: "A person may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed." This section does not require that each element of the crime be established apart from the confession itself, nor is it necessary that the corroborating evidence be direct evidence that links or even tends to connect the defendant with the crime *(People v Murray,* 40 NY2d 327, 334-335). "The section does not require corroboration of confessions or admissions in every detail, but only 'some proof, of whatever weight', that the offense charged has in fact been committed by someone *(People v Daniels,* 37 NY2d 624, 629; *see also, People v Cuozzo,* 292 NY 85; *People v White,* 176 NY 331). Its purpose is to avoid the possibility that a crime may be confessed when, in fact, no crime has been committed *(People v Lipsky,* 57 NY2d 560, 570, quoting *People v Reade,* 13 NY2d 42; and *People v Lytton,* 257 NY 310). The requirements of the rule are not rigorous and sufficient corroboration exists when the confession is 'supported' by independent evidence of the corpus delicti *(see, People v Safian,* 46 NY2d 181, 187, *cert denied sub nom. Miner v New York,* 443 US 912; *cf. People v Brasch,* 193 NY 46, 60-65; *People v Jaehne,* 103 NY 182, 199-200). The necessary additional evidence may be found in the presence of defendant at the scene of the crime, his guilty appearance afterward, or other circumstances supporting an inference of guilt *(see, People v Cuozzo, supra,* p 92; *People v Reade, supra,* p 46; and *see,* 7 Wigmore, Evidence § 2071, at 511 [Chadbourn rev])." *(People v Booden,* 69 NY2d 185, 187.)

The observations of the arresting officer as to the physical condition of the automobile, coupled with the evidence submitted with respect to the lack of permission to use the vehicle and relating to the value of the car were independent evidence of the corpus delicti. All of this constituted corroboration of the defendant's admissions to the officer that he had possessed the car and there was sufficient evidence before the Grand Jury to establish that the defendant committed the crime charged *(see,* CPL 190.65 [1]; 210.30). Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Rubin, JJ.