■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTRON McCRAY, Appellant. [604 NYS2d 93] —Judgment, Supreme Court, New York County (Thomas B. Galligan, J.), rendered September 11, 1990, convicting defendant, after a jury trial, of rape in the first degree and robbery in the first degree, and sentencing him, as a juvenile offender, to consecutive terms of 3⅓ to 10 years, unanimously affirmed.

Defendant, according to the officers who testified at the suppression hearing, made oral statements admitting that he had participated in the commission of various crimes in Central Park on the evening of April 19, 1989, including the vicious gang rape of a female jogger (see, People v Salaam, 187 AD2d 363, lv granted 81 NY2d 846). "The jogger", as the female victim has come to be known, was found semi-nude in a shallow puddle of water, her clothing removed below the waist, her running bra pushed up, and her shirt twisted around her upraised arms and her mouth so as to form a gag and a restraint. Beaten severely, "the jogger" had no memory of the commission of the crime. Defendant, implicated by certain youths arrested in the park that evening, accompanied detectives to the precinct the following day, where, in the presence of one or both of his parents, he made oral, written, and videotaped statements.

We need not decide whether defendant was in custody when questioned since, in any event, he was repeatedly given *Miranda* warnings in the presence of his parents *(People v Nova,* 198 AD2d 193). Contrary to defendant's present arguments, the hearing testimony provided a reasonable basis for the court's finding that the questioning of defendant was not coercive, and, in particular, that the exhortations of the detectives to defendant's parents imploring them to have defendant tell the truth were not improper *(People v Diaz,* 77 AD2d 523, 526, *affd* 54 NY2d 967, *cert denied* 455 US 957). Defendant's parents did not testify at the suppression hearing, and although they testified at trial that defendant was pressured into making an incriminating statement, the jury was free to reject their testimony and credit

that of the officers. Further, while the officers did not obtain an explicit waiver of defendant's *Miranda* rights from his parents, we observe that Family Court Act § 305.2 (7) requires only that the child's guardian be notified of the child's rights, which was accomplished here by the reading of defendant's *Miranda* rights in the presence of his parents, obviating the need to determine whether the statute applies to interrogations of juvenile offenders, as opposed to juvenile delinquents *(People v Vargas,* 169 AD2d 746, *lv denied* 77 NY2d 1001).

Defendant argues that, in view of the absence of trauma to the vagina, there was insufficient proof that a rape had been committed in the first instance. The presence of male ejaculate in the jogger's vagina (none of which, after scientific testing, was found to have come from any of the defendants), defendant argues, is consistent with consensual intercourse prior to the incident in the park. Defendant maintains that even if the fact of the commission of a rape is conceded, no physical evidence or identification testimony connects defendant to the commission of the crime, either as a principal or as an accomplice.

To the contrary, the proof that a rape occurred is overwhelming. Expert testimony established that trauma to the vagina is not a significant factor in determining whether or not a rape occurred, and further, that sperm which might have been present in the rectal or vaginal areas as a result of voluntary sexual intercourse some three days prior to the rape, as testified to by the victim, would not be expected to remain there more than 24 hours. The fact that the jogger was stripped naked and bound in the manner in which she was found, the presence of abrasions on her body consistent with rubbing or friction against her, the presence of sperm of indeterminate origin, and the presence of a small twig and leaf between the labia minora and the labia majora *(see, People v Linzy,* 31 NY2d 99, 100), leave little doubt that a rape in fact occurred.

Evidence that defendant was a participant in these crimes came from his oral and written statements. The statutory requirement that defendant's statements be corroborated (CPL 60.50) "does not require that each element of the crime be established apart from the confession itself, nor is it necessary that the corroborating evidence be direct evidence that links or even tends to connect the defendant with the crime *(People v Murray,* 40 NY2d 327, 334-335)." *(People v Brown,* 180 AD2d 480, 481.)* The requirement of corroboration of the defendant's confession is plainly less rigorous than the corroboration once

required of "the testimony of the female defiled" (former Penal Law § 2013 [1909]), as to which the law required that the victim's testimony be corroborated as to every element of the offense *(People v Page,* 162 NY 272, 274). Here, the plethora of evidence that a rape was committed, even if it did not establish defendant's identity, amply corroborated his confession *(People v Ploss,* 105 AD2d 1031; *People v Fenton,* 166 AD2d 748, *lv denied* 77 NY2d 905).

Defendant's statements supplied the missing evidence of his identity, and of his participation in the crime. The jury was free to credit evidence of defendant's earlier statements that he had penetrated the victim, and to discount his subsequent assertions that he merely lay on top of the jogger and rubbed against an area other then her vagina. In this regard, the absence of seminal fluid traceable to defendant does not raise a doubt as to defendant's guilt, as completion of the crime of rape requires only the slightest penetration, and not ejaculation *(People v Kinnard,* 98 AD2d 845, 847, *affd* 62 NY2d 910). Moreover, even if the jury had credited defendant's statement that he did not penetrate his victim, his unretracted statements amply demonstrated willing participation in the rape so as to support his conviction of that crime as an accomplice *(see, People v Irving,* 107 AD2d 944, 945).

We have considered defendant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ross and Rubin, JJ.