■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN RICHARDSON, Appellant. [608 NYS2d 627] —Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered January 9, 1991, convicting defendant, following a jury trial, of attempted murder in the second degree, rape in the first degree, sodomy in the first degree and robbery in the first degree and sentencing him, as a juvenile offender, to consecutive terms of from 3⅓ to 10 years on each count, resulting, under Penal Law § 70.30 (1) (d), in an aggregate term of from 5 to 10 years, unanimously affirmed. We have received and considered appellant's reply points.

Defendant contends that the evidence of his guilt was not sufficient beyond a reasonable doubt. First, he claims that the People not only failed to prove that he had raped the woman jogger but that there was no evidence that she had even been raped. This is almost precisely the same argument raised on appeal by Antron McCray, another of the defendants in the Central Park rampage, and has already been rejected by this Court *(People v McCray,* 198 AD2d 200). Viewing the evidence in the light most favorable to the prosecution, as we must do *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), the jury was certainly warranted in finding that a rape had occurred and that defendant participated in the act, either as an accomplice or one of the rapists. There was also substantial evidence that defendant was one of the youths responsible for nearly killing the victim and that he was also involved in the attack and robbery of John Loughlin.

Although defendant does not dispute that the police had the right to arrest him for the mayhem in Central Park, he urges that his statements should have been suppressed as the fruit of a purported second arrest for the assault upon the female jogger. Yet, the fact that, at the time of his arrest, the police were still unaware of all of the ramifications of the teenagers' riotous behavior is irrelevant. So long as there was sufficient basis for the officers to detain defendant, and he does not challenge the initial stop, the trial court appropriately determined that the police acted reasonably under the circumstances. Contrary to what appears to be the position of the defense, there is no legal requirement that each charge contained in an indictment be supported by its own probable cause to arrest (see, People v Ruff, 81 NY2d 330; People v Kazmarick, 52 NY2d 322).

Defendant also asserts that his statements should have been suppressed because the People failed to meet their heavy burden of showing that he and his mother waived his Miranda rights or that, if there was such a waiver, that it had been both knowing and intelligent. Pursuant to Family Court Act § 305.2 (7), when a child under 16 years of age is questioned by police, his guardian must be advised of the minor's Miranda rights, and both the guardian and child must waive those rights. Assuming arguendo that this section applies in instances where the suspect is interrogated as a juvenile offender, as opposed to a juvenile delinquent (see, People v Vargas, 169 AD2d 746, lv denied 77 NY2d 1001), the credible evidence establishes that defendant was questioned in conformity with the provisions of article 3 of the Family Court Act, as well as the State and Federal Constitutions. Defendant was given his Miranda warnings in the presence of his mother, and they both acknowledged aloud that they understood each right and assented to the questioning of defendant. Moreover, there is no authority, statutory or otherwise, that the warnings must be separately administered to the guardian. The evidence strongly supports the trial court's conclusion that neither the Family Court Act nor the State and Federal Constitutions were violated and that defendant's statements were properly admitted.

Defendant maintains that the trial court committed reversible error in refusing his request to substitute counsel, thereby depriving him of effective legal representation. However, it is within the discretion of the trial court whether or not to allow defendant to replace his attorney, particularly when doing so would entail a delay of the proceedings (see, People v Tineo, 64

NY2d 531). In that regard, the court certainly did not abuse its discretion in declining to permit defendant to replace, in the middle of his trial, the retained counsel who had been representing him for the past 18 months with another attorney who was currently engaged in trial in Brooklyn. Defendant's conclusory allegations that his present lawyer had failed to meet minimal expectations and standards of competence and had not conferred with him often enough was insufficient to justify the lengthy delay that would result from the declaration of a mistrial, and consequent postponement of the trial until the new lawyer's other matters had been concluded and he had had an opportunity to conduct his own investigation. Concur—Sullivan, J. P., Ross, Rubin and Tom, JJ.