■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABIODUN L., Appellant. [660 NYS2d 761] —Mikoll, J. P. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered September 18, 1995, which sentenced defendant upon his adjudication as a youthful offender.

Defendant was apprehended in connection with the shooting death of Michael Myers on October 24, 1994 in the City of Albany. Eyewitnesses informed police that defendant and two

other males approached Myers and David Hoffman who, it was revealed, were attempting to purchase drugs. The three black males demanded money from them. A melee ensued during which Myers was shot in the chest by defendant. The three youths fled the scene in a reddish-orange car with a defective muffler and what appeared to be plastic over the back window. Keeylyn Young and Robert Hirsch, witnesses to the shooting, identified the shooter as a young black male dressed in a black hooded sweatshirt.

The car was found in a motel parking lot in the Town of East Greenbush, Rensselaer County. Three black males were taken into custody from the adjoining motel. Defendant was attired as described by the eyewitnesses. Defendant identified himself as Jerome Black and said that he lived with his mother at 280 Second Street in Albany and was 15 years of age. It was subsequently revealed that defendant lied about his name and address. The police went to 280 Second Street and, after failing to contact defendant's parents, gave defendant his *Miranda* warnings before questioning him about the shooting. He signed a statement admitting participation in the fight in Albany but denied that he fired the shot which killed Myers. He stated that it came from an unknown assailant dressed similarly to him.

Defendant was then arrested and charged in the death of Myers. He was indicted for three counts of murder in the second degree and four counts of robbery in the first degree. Suppression of defendant's statement to police at the time of his arrest was denied. Defendant was found guilty after trial of two counts of murder in the second degree (intentional murder and felony murder) and four counts of robbery in the first degree. For the crimes involving Myers, defendant was sentenced to prison terms of 9 years to life for each count of murder in the second degree and 3⅓ to 10 years for each count of robbery in the first degree, all to be served concurrently. Finally, for the two counts of robbery in the first degree involving Hoffman, defendant was given 3⅓ to 10-year sentences for each crime, to be served concurrently with one another and consecutively to the terms imposed on defendant for the crimes involving Myers.

Defendant appeals his conviction, contending that County Court erred in admitting statements he made to the police after his arrest in that these were taken in purported violation of CPL 140.20 (6). CPL 140.20 (6) requires that when a juvenile offender is arrested without a warrant, the parent or guardian of the juvenile be notified of the arrest. The protections

contained in CPL 140.20 are intended to provide additional constitutional safeguards to youthful suspects (*see, People v Ventiquattro*, 138 AD2d 925, 927; *People v Hall*, 125 AD2d 698, 701). However, when the youth misrepresents relevant facts, making it impossible to comply with the statute, the police cannot be found in dereliction of their duty under the statute. Here, defendant's own willful misrepresentation of his identity and address frustrated police attempts to implement the statute.

Defendant's reliance on Family Court Act § 305.2 is rejected as inapplicable in the instant circumstances. Defendant was arrested as a juvenile offender and the statute simply does not apply (*see, People v Vargas*, 169 AD2d 746, 747, *lv denied* 77 NY2d 1001).

We also reject defendant's contention that County Court committed reversible error in forcing a witness to identify defendant as the perpetrator of the crime. The record indicates that the court merely informed the witness of her obligation to tell the truth. She had already testified that she could identify the shooter and that the shooter was in the courtroom. Her reluctance appeared to be born of nervousness rather than from any inability to identify defendant. We do not consider the court's direction to constitute either duress or intimidation of the witness. We find County Court's actions throughout the trial to have been impartial, fair and nonintrusive; thus, defendant's conviction should stand.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed.