■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX CHARLES, Appellant. [663 NYS2d 965] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered November 18, 1993, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him, as a juvenile offender, to a term of 3½ to 10 years, unanimously affirmed.

Defendant's motion to suppress statements was properly denied. Since defendant was charged as a juvenile offender under CPL 1.20 (42), he was not entitled to the protections of Family Court Act § 305.2 (7) and § 724 (b) (ii) (*People v Abiodun L.*, 241 AD2d 774; *People v Vargas*, 169 AD2d 746, *lv denied* 77 NY2d 1001; *People v Bonaparte*, 130 AD2d 673). In any event, defendant was afforded the protections of both CPL 140.20 (6) and the above-cited provisions of the Family Court Act, since his legal guardians, who were immediately notified of defendant's arrest, were present at the time defendant was advised of and waived his *Miranda* rights, and during the brief questioning that followed (*see, People v Richardson*, 202 AD2d 227; *People v McCray*, 198 AD2d 200, *lv denied* 82 NY2d 927). We conclude, from the totality of the hearing evidence, that the Department of Social Services employees were free of conflict of interest and acted as defendant's proper legal guardians, and that defendant's statements were made voluntarily and intelligently (*see, Fare v Michael C.*, 442 US 707, 724-727).

The court properly exercised its discretion in limiting the cross-examination of People's witnesses (*see, People v Sorge*, 301 NY 198). Concur—Murphy, P. J., Rosenberger, Wallach, Nardelli and Mazzarelli, JJ.