Sybil Hart Kooper, S.
A motion has been made to permit the petitioner to use fingerprints taken of the respondent, a 15-year-old juvenile, on the trial of this case. Their use would be limited to comparison with latent fingerprints found at the scene of the crime.
Should this be impermissible, the petitioner requests an order directing the respondent to resubmit to fingerprinting *168 under conditions designed to prevent the dissemination of these fingerprints.
The respondent is charged with burglary, criminal trespass, criminal mischief and criminal possession of stolen property— acts which, if committed by an adult, would be crimes. Specifically, the respondent is charged with breaking into a warehouse, causing considerable damage thereat, and removing property therefrom.
The respondent was taken into custody on December 23, 1974. The petitioner states that thereafter the police secured oral permission from the respondent and his mother for the respondent to be fingerprinted for purposes of comparison with unidentified latent prints found at the scene. A comparison allegedly revealed that there was a match with the respondent’s No. 7 finger.
CPL 160.10 requires the fingerprinting of an adult arrested for a felony or misdemeanor. There is no comparable requirement in article 7 of the Family Court Act. However, there is no proscription against obtaining the fingerprints of a juvenile subsequent to a lawful arrest. Yet, habit and custom have evidently evolved into policy and the Police Department does not routinely fingerprint juveniles.
Perhaps the rationale is based on the fact that juveniles are not "arrested”. The Family Court Act speaks of taking juveniles into custody but never of arresting them. For example, section 721 states that: "A peace officer may take a person under the age of sixteen into custody without a warrant in cases in which he may arrest for a crime under article one hundred forty of the criminal procedure law.” Yet, this is mere sophistry, for "taking into custody” is, of course, an arrest, and attorneys in Family Court use the terms interchangeably.
There are only a few cases dealing with the fingerprinting of juveniles.
In Davis v Mississippi (394 US 721), the United States Supreme Court held that the fingerprints of a 14-year-old youth were inadmissible at his trial. However, the exclusion was based solely on the fact that the defendant’s arrest was illegal, since it was grounded on neither a warrant nor probable cause. Thus, the fingerprints were illegally seized evidence and, pursuant to the rule set forth in Mapp v Ohio (367 US 643, 655), were inadmissible in a State court. Fingerprint evidence, even though relevant and trustworthy, is neverthe *169 less subject to the proscriptions of the Fourth and Fourteenth Amendments.
However, no claim is made in this case that there was not probable cause to arrest the respondent. Absent that fact, fingerprints taken subsequent to his lawful arrest are admissible.
In the only reported New York case on the subject, a motion to suppress was denied because the respondent (as is alleged here), consented to his fingerprints being taken. (Matter of Turner, 56 Misc 2d 638.)
Yet, following a lawful arrest, is the respondent’s consent to fingerprinting required? I think not. Fingerprinting does not involve probing into an individual’s private life and thoughts and is not subject to such abuses as the improper line-up or the third degree. "Fingerprints are not 'evidence’ in the conventional sense that weapons or stolen goods might be. Like the color of a man’s eyes, his height, or his very physiognomy, the tips of his fingers are an inherent and unchanging characteristic of the man.” (Davis v Mississippi, supra, p 730.)
The act of fingerprinting juveniles is not repugnant to our system of justice, for juveniles are not entitled to more rights than adults. Special safeguards are afforded juvenile offenders because without them, juveniles are in an inferior position. Thus, controversy centers not on the act of fingerprinting, but on the maintenance of fingerprint files and access thereto. If the fingerprints of juveniles are used solely for positive identification of latent fingerprints found at the scene of the offense, the maintenance of fingerprint files is not required. The Standards for Specialized Courts Dealing with Children (US Children’s Bureau, Dept, of Health, Education and Welfare, 1966) provides that fingerprints may be taken as an investigative procedure in a current case, and sets forth strictures concerning the maintenance of fingerprint files.
Many jurisdictions have statutes permitting the fingerprinting of juveniles. One of the most comprehensive statutes on the subject is that of Florida. It requires the fingerprinting of any child over 14 who is adjudicated a delinquent on the basis of an act which would be a felony if committed by an adult. Any fingerprint records made prior to an adjudication may be used for comparison purposes only, and copies cannot be made from them for any person or agency, State or Federal. The fingerprints are to be destroyed when the juvenile is 21. Children under the age of 14 may not be fingerprinted except *170 by special order of the juvenile Judge and all originals and copies of the prints must be delivered to the court at the time directed in the order and promptly destroyed. (Fla Stat Ann, § 39.03, subd [6].)
Over the past decade, our courts have held that despite the noncriminal label of delinquency proceedings, juveniles are entitled to virtually all the rights of adult criminal defendants except the right to a jury trial. (Kent v United States, 383 US 541; Matter of Gault, 387 US 1; Matter of Winship, 397 US 358; McKeiver v Pennsylvania, 403 US 528.) As juveniles properly gain all the privileges of adult criminal defendants, they should not be less subject to legitimate investigatory procedures, including fingerprinting.
Petitioner’s motion to use the fingerprints taken of the respondent subsequent to his arrest on the trial of this action is granted. The motion for an order directing the respondent to resubmit to fingerprinting is denied without prejudice to a renewal of the motion before the trial court in the event that the fingerprints already taken are suppressed by the Trial Judge.
The fingerprints now in the possession of the Police Department shall not be photographed or reproduced, and they shall not be forwarded to any person or agency, city, State or Federal. The fingerprints shall be turned over by the Police Department to the court and shall, after their use at the trial, be placed in the juvenile’s file and sealed therein. If more than one copy of respondent’s fingerprints have been taken, all sets shall be turned over to the court and all but one set shall be destroyed forthwith.