In the Matter of ROGER EE,* a Person Alleged to be a Juvenile Delinquent, Respondent. COUNTY OF RENSSELAER, Appellant.

Third Department, June 26, 1980

---

* Name used herein is fictitious for purposes of publication.

*Marvin I. Honig, County Attorney (Robert D. Wilcox of counsel), for appellant.*

*Harry Shamlian, Law Guardian,* for respondent.

**OPINION OF THE COURT**

HERLIHY, J.

The respondent (age 12) was charged in a juvenile delinquency petition filed in the Family Court on July 5, 1979, upon information and belief, of committing acts that would constitute the crimes of burglary and grand larceny if done by an adult. The petition was in part based upon "statements and admissions of Respondent". Attached to the petition is a waiver of *Miranda* rights form signed by the respondent and witnessed by a person having the same name as his father and by one other witness. The rights form is dated June 22, 1979 and bears conflicting times of execution upon its face.

Also attached to the petition is a full confession by the respondent witnessed by the same named persons and dated June 22, 1979 at 4:30 P.M. According to the confession, it appears that respondent was spending money at premises known as the Troy Plaza on the morning of June 22, 1979 when "a police car stopped me and took me to the Youth Services Section of the Police Station."

It is alleged that the respondent's parents were notified by the authorities of respondent's detention, and when the father arrived at the police station he demanded that his son tell what happened. In obedience thereto, he responded, "I ripped off a place in South Troy". At this juncture he was given his *Miranda* warnings and thereafter gave a written statement of the events.

On August 22, 1979, a Law Guardian appeared in Family Court with respondent and, after orally entering "a general denial as to the material allegations contained in the petition", he requested a suppression hearing. Further, the Law Guardian moved for suppression as a matter of law based upon the recent case of *Matter of Schaefer* (97 Misc 2d 487). In the *Schaefer* case the Family Court of Onondaga County

(McLAUGHLIN, J.), interpreted section 249-a of the Family Court Act (all statutory references hereinafter are to the Family Court Act unless otherwise specified) following a *suppression hearing,* as requiring that a Law Guardian be appointed upon custodial questioning before any waiver of counsel *can* be given.

Here, Family Court eventually granted the motion to suppress the confession *without any hearing* upon the construction of section 249-a as set forth in the *Schaefer* case. Because of the suppression of the evidence, Family Court determined that the petition was not properly supported by depositions and dismissed the petition. There should be a reversal.

The issue presented by this case is the meaning and intention of the Legislature as to when the presumption of incapacity to waive the right to counsel by a minor arises.

The pertinent part of section 249-a is as follows: "A minor who is a subject of a juvenile delinquency or person in need of supervision proceeding shall be presumed to lack the requisite knowledge and maturity to waive the appointment of a law guardian. This presumption may be rebutted only after a law guardian has been appointed". Sections 731 and 732 expressly provide that "proceedings" to adjudicate a person a juvenile delinquent or in need of supervision are "originated" by the filing of a petition. However, section 713 provides that the Family Court has exclusive original jurisdiction "over any proceeding involving a person alleged to be a juvenile delinquent". Pursuant to section 728, that jurisdiction commences when any child is detained and brought before the Family Court before a petition is filed. At that time the youth is unequivocally granted a right to have a Law Guardian appointed by section 728 and must be so advised. Furthermore, the hearing and determination made pursuant to section 728 undoubtedly would constitute a "proceeding" involving a charge of juvenile delinquency or a person in need of supervision. (See *People v Samuels,* 49 NY2d 218.) It is thus apparent that the contention of the appellant that proceedings only originate with the filing of a petition must be rejected as the only possible literal interpretation of section 249-a.

Nevertheless, there is no basis in the Family Court Act whereby it could be said that a proceeding is initiated by the mere custodial detention of a minor. While it might be argued that there is no basis for distinguishing between the capacity to waive counsel as a minor involved in a proceeding and one

*detained* upon suspicion or charges of delinquent conduct, the division between the classes is not imaginary.

The plain meaning of the language in section 249-a requires the initiation of a proceeding before the appointment of a Law Guardian is mandated in order to have a voluntary waiver of the right to counsel. Furthermore, requiring the initiation of a proceeding before the appointment of counsel is necessary in order to have an effective waiver of counsel is in accordance with the rights of criminal defendants generally. (See *People v Samuels, supra,* p 221.)

The order must be reversed and the petition reinstated, but it should be noted that we do not upon this appeal consider any of the alleged facts or pass upon any issues which might relate to the suppression of the confession, except that section 249-a as a matter of law does not mandate such a suppression. We cannot conceive on the present record that section 249-a has any application nor do we think the Legislature so intended. (See *Matter of Emilio M. v City of New York,* 37 NY2d 173; *Matter of Ruben R.,* 71 AD2d 1005; *Matter of Brian P. T.,* 58 AD2d 868, 869; *Matter of Pedro Q.,* 82 Misc 2d 167, 168.)

The order should be reversed, on the law, the petition reinstated, and the matter remitted to the Family Court of Rensselaer County.

KANE, J. P., STALEY, JR., MIKOLL and CASEY, JJ., concur.

Order reversed, on the law, petition reinstated, and matter remitted to the Family Court of Rensselaer County.