OPINION OF THE COURT
Leon Deutsch, J.
On July 23, 1986, the respondent was arrested for criminal possession of a controlled substance in the third degree (Penal Law § 220.16), which is a class B felony. Pursuant to Family *355 Court Act § 306.1 (1) (b), the respondent, age 15, was duly fingerprinted. The petition was filed on September 10, 1986 and the respondent was charged with criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [4]), a class D felony and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), a class A misdemeanor.
On July 24, 1986, the fingerprints originally taken were rejected, due to their poor quality. On October 27, 1986 the presentment agency on behalf of the New York City Police Department moved to have the respondent refingerprinted.
The motion is granted.
Respondent was originally arrested for violation of a class B felony. Family Court Act § 306.1 (1) (b) provides for the fingerprinting of a child over the age of 13 where "the crime which is the subject of the arrest or which is charged in the petition constitutes a class C felony.”
Respondent in opposition to the motion contends that the fact that he was eventually arraigned on a class D felony and a class A misdemeanor indicates that he was overcharged by the police. Respondent argues that the use of the disjunctive "or” in Family Court Act § 306.1 (1) (b) indicates that the statute applies only to (1) those respondents who have been arrested prior to the drawing of the petition and to (2) those who have not been arrested but against whom a petition was drawn. Respondent further argues that the statute is inapplicable to those cases where the police charge differs from the charges in the subsequent petition. This court disagrees.
The Practice Commentary to Family Court Act § 306.2 notes that fingerprinting is permitted after an arrest even though the case may be adjusted or the prosecution may decline to prosecute. (Sobie, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, p 308.) In the circumstance, fingerprinting is surely permitted when a respondent is arrested for a B felony, despite the fact that the prosecution may eventually charge the respondent with a lesser offense, which lesser offense would not have permitted fingerprinting had the respondent been arrested on such charge.
Nevertheless, in the case at bar the issue is not the legality of the original fingerprinting, but whether the respondent who is now charged with only a D felony and an A misdemeanor may be compelled to be fingerprinted once again.
Family Court Act § 354.1 (6) states that if a respondent *356 fingerprinted pursuant to Family Court Act § 306.1 is "subsequently adjudicated a juvenile delinquent for a felony” and if that same respondent is later convicted of a crime, all fingerprints not destroyed pursuant to other sections of the Family Court Act are to be placed in the Division of Criminal Justice Services permanent adult criminal file of that person. Obviously, this statute embraces any case in which a respondent is subsequently adjudicated a juvenile delinquent on a lesser included felony despite the fact that had such lesser included felony been the only crime originally charged, fingerprints would not have been permitted.
In the case at bar, had the fingerprints not been ruined and were the respondent eventually found to have committed the class D felony, the prints could have been transferred to any adult criminal file of the respondent because Family Court Act § 354.1 (6) requires only a finding on a felony charge.
Finally, the fingerprinting of the respondent is not an undue intrusion into his privacy rights, most especially as his fingerprints had already been appropriately and carefully taken, albeit unsuccessfully. In the circumstances, the police department should be given the opportunity to once again fingerprint the respondent.