Christina **BELL** and Amber Bell, by
their Mother and Natural Guardian,
Tammy Bell, Plaintiffs,

v.

David C. **LENNON**, Defendant.

No. 96 CV 3625(BDP).

United States District Court,
S.D. New York.

Aug. 4, 1997.

Robert Isseks, Middletown, NY, for Plaintiffs.

Richard J. Cardinale, Atty. General's Office, New York City, for Defendant.

### MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

Plaintiffs bring this action asserting claims under the substantive due process clause and Fourth Amendment, as well as claims under the New York Family Court Act ("FCA") and tort law.[1] Currently before this Court is defendant's motion for summary judgment, pursuant to Fed.R.Civ.P. § 56. For the reasons stated below, defendant's motion is granted.

### SUMMARY JUDGMENT STANDARD

A motion for summary judgment must be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see H.L. Hayden Co. v. Siemens Medical Sys., Inc.*, 879 F.2d 1005, 1011 (2d Cir. 1989). It is the burden of the moving party to demonstrate initially the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986); *see also Gallo v. Prudential Residential Servs. Ltd.*, 22 F.3d 1219, 1223 (2d Cir.1994). The burden then shifts to the nonmoving party to come forward with "specific facts showing that there is a genuine issue for trial." Fed. R.Civ.P. 56(e). Affidavits in support of or opposition to a summary judgment motion must be made on personal knowledge, setting forth facts which would be admissible at trial by an affiant who is competent to testify to the matters within the affidavit. Fed. R.Civ.P. 56(e). A showing that there is a genuine issue of fact for trial requires a showing sufficient to establish the existence of every element essential to the party's case, and on every element for which the party will bear the burden of proof at trial. In deciding whether there is a genuine issue for trial, "the court is required to draw all factual inferences in favor of the party against whom summary judgment is sought." *Ramseur v. Chase Manhattan Bank*, 865 F.2d 460, 465 (2d Cir.1989). Where the nonmovant's evidence is merely conclusory, speculative or not significantly probative, summary judgment should be granted. *Knight v. United States Fire Ins. Co.*, 804 F.2d 9, 12–15 (2d Cir.1986).

### BACKGROUND

Plaintiffs claims arise out of events which occurred in connection with the March 11, 1996 arrest of Christina Bell ("Christina") and Amber Bell ("Amber"). Christina, who was 8 years old at the time, and Amber, who was 10 years old, along with their cousin, Deidra Lewis ("Deidra"), had taken a tool box from their neighbor's garage and allegedly damaged the garage. Police Officer David C. Lennon ("Lennon") was notified of the incident by police radio and proceeded first to the neighbor's home and then to the Bells' home. Lennon told Christina and Amber that the neighbor intended to press charges and that he would have to take them to the police station for questioning. Christina and Amber, along with their mother, Tammy Bell ("Ms.Bell"), Deidra, and Deidra's mother, went with Lennon in his police car to the police station.

Lennon contends that when they arrived at the police station, he took the plaintiffs, Deidra, and Deidra's mother to a questioning room that has been designated by the Family

---

1. Plaintiffs' claims alleging arrest without probable cause and malicious prosecution have been, pursuant to a March 3, 1997 stipulation, dismissed.

832

Court as the "juvenile room." Plaintiffs dispute that the questioning room has been so designated. Lennon read Christina and Amber their rights and then began to take statements from the children. At some point, Lennon left the room after informing the group that he needed to check to see whether Amber, Christina and Deidra had to be fingerprinted. Lennon states that he consulted the desk officer and the State Police Field Manual on this question. Lennon determined, though erroneously, that the children had to be fingerprinted and proceeded to do so, which took approximately fifteen minutes. Amber, Christina and Deidra were issued desk appearance tickets, charging each of them with criminal mischief in the fourth degree and criminal trespass in the third degree, both of which are misdemeanors. The children were at the police station for approximately one and a half hours.

## DISCUSSION

Conceding that Lennon had probable cause to take Christina and Amber into custody, plaintiffs contend that the detention of the girls was "unnecessar[ily] and unreasonab[ly]" lengthy, so as to violate their Fourth Amendment and substantive due process rights. This Court, of course, does not dispute plaintiffs' general assertion that an unreasonably lengthy detention may, in certain circumstances, implicate Fourth Amendment rights. *See County of Riverside v. McLaughlin*, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). Plaintiffs have failed, however, to provide this Court with any authority for the proposition that an hour and half detention—even for minors—runs afoul of either the Fourth Amendment or the substantive due process clause.

It is uncontested that a police officer may detain juveniles for the purpose of conducting a reasonable investigation. Even under New York State law, which, of course, does not state the federal constitutional standard, *see Davis v. Little*, 851 F.2d 605, 610 (2d Cir.1988); *Robison v. Via*, 821 F.2d 913, 922 (2d Cir.1987); *cf. Watson v. City of New*

*York*, 92 F.3d 31 (2d Cir.1996), a police officer may detain a juvenile for questioning for a "reasonable period of time ..." FCA § 305.2. The parties here are in agreement that Lennon kept Christina and Amber at the police station for no more than an hour and a half, which is surely within the realm of reasonable.

Plaintiffs further contend that because the fingerprinting of Amber and Christina violated state law, "any period of detention for [the purpose of fingerprinting] is per se objectively unreasonable." FCA § 306.1, which establishes the procedures for fingerprinting minors in custody, provides, in relevant part, as follows:

1. Following the arrest of a child alleged to be a juvenile delinquent, or the filing of a delinquency petition involving a child who has not been arrested, the arresting officer or other appropriate police officer or agency shall take or cause to be taken fingerprints of such child if:

(a) the child is eleven years of age or older and the crime which is the subject of the arrest or which is charged in the petition constitutes a class A or B felony; or

(b) the child is thirteen years of age or older and the crime which is the subject of the arrest or which is charged in the petition constitutes a class C felony. . . .

Accordingly, by fingerprinting Amber and Christina, who had not reached the threshold age of eleven at the time of their arrest, Lennon acted without proper statutory authority. However, plaintiffs' arguments with respect to the fingerprinting of the girls are not attacks on the use of the procedure, that is, they do not challenge the constitutional soundness of the procedure *per se*, but rather they challenge the procedure as part of their broader argument that the period of detention was unreasonably lengthy. Yet, I cannot conclude that the fifteen minutes Lennon spent fingerprinting Christina and Amber transformed an otherwise proper detention into an unconstitutional one.[2]

**2.** I note that even if plaintiffs had brought a Fourth Amendment claim based on the fact that Lennon was not authorized to fingerprint Christina and Amber, the guarantees of the

Fourth Amendment are drawn by federal law, not state law, *see Davis*, 851 F.2d at 610; *Robison*, 821 F.2d at 922, and the case law does not support a conclusion that a violation of FCA

Furthermore, I reject plaintiffs' claim that simply by transporting plaintiffs in his police car from their home to the police station Lennon violated their Fourth Amendment rights. Without reaching the issue of whether the legal foundation for such a claim could be established, I find that plaintiffs, in their deposition testimony, corroborate defendant's statement that they went with him voluntarily.[3] Accordingly, the factual predicate for such a claim is absent.

Turning to the question of whether plaintiffs have established a violation of their substantive due process rights, I note that the Supreme Court has cautioned that the protections of substantive due process are narrow and "have for the most part been accorded to matters relating to marriage, family, procreation, and the right to family integrity." *Albright v. Oliver*, 510 U.S. 266, 272, 114 S.Ct. 807, 812, 127 L.Ed.2d 114 (1994). Furthermore, the Court has directed that "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing' such a claim." *Id.* at 273, 114 S.Ct. at 813 (quoting *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989)) (internal quotation omitted).

Here, plaintiffs themselves recognize that it is the Fourth Amendment which is "the guide" for analyzing claims of wrongful detention incident to arrest. Accordingly, analysis of plaintiffs' claims under the substantive due process clause would be duplicative and is therefore barred by the rule articulated in *Albright.*

Having disposed of plaintiffs' claims on the merits, I decline to address defendant's qualified immunity defense.

§ 306.1 rises to the level of a constitutional tort cognizable in a § 1983 action. Any claims plaintiffs might have against Lennon are more appropriately raised in the state forum.

3. In her deposition, Ms. Bell testified as follows:
Q. Did he [Lennon] tell you that you had to get into the patrol car with him?

## CONCLUSION

For the reasons stated above, defendant's motion for summary judgment, pursuant to Fed.R.Civ.P. 56, is granted. The federal claims having been dismissed, I decline to exercise jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367; *Martz v. Village of Valley Stream*, 22 F.3d 26, 32 (2d Cir.1994). The Clerk of the Court is directed to enter judgment in favor of the defendant.

SO ORDERED.

A. No, he told us we had to go to the police station, and I told him that we have no way there. He said well, you can ride with me, and I assumed if I had to go, then I am going to have to ride with you [sic], because I had no any [sic] other way there.