*66 OPINION OF THE COURT
John M. Hunt, J.
By petition filed on April 1, 1999 Janice Jones[1] seeks to adopt the child, Paul Y., who was born on September 17, 1987, and subsequently placed in her home through the New York City Commissioner of Social Services for purposes of foster care on June 15, 1990.
Petitioner moves for an order dispensing with any requirement that her biological son, Tommy Jones, who is 16 years of age, be fingerprinted for the purpose of securing a report of his criminal history, if any, from the New York State Division of Criminal Justice Services. In support of this application petitioner alleges, inter alla, that “my son finds the idea of being fingerprinted objectionable”, that “Tommy has never been arrested”, and that “Tommy is [16] years old and a minor [and] I find the fingerprinting of my son objectionable”.
The application is granted. The pertinent statute, Social Services Law § 378-a (2),[2] reads as follows: “(a) Notwithstanding any other provision of law to the contrary, and subject to rules and regulations of the division of criminal justice services, an authorized agency, as defined in subdivision ten of section three hundred seventy-one of this article, shall perform a criminal history record check with the division of criminal justice services regarding any prospective foster parent or prospective adoptive parent and any person over the age of eighteen who is currently residing in the home of such prospective foster parent or prospective adoptive parent before the foster parent or adoptive parent is finally certified or approved for the placement of a child” (italics added).
The clear purpose of the fingerprinting requirement is to safeguard the well-being of foster and adoptive children by ensuring that persons seeking to care for or adopt a foster child have not been arrested for or convicted of criminal charges which would place the child at risk (see, Social Services Law § 378-a [2] [c], [e] [1]). The statute also seeks to protect foster and adoptive children by ensuring that adults over the age of 18 who live in a prospective foster or adoptive home are screened for arrests and convictions for specified of *67 fenses which may pose a risk to a child (see, Social Services Law § 378-a [2] [e] [3] [B]; [h]).[3]
While it is true that a child less than 18 years of age could conceivably have been arrested for acts constituting crimes or juvenile delinquency (see, Family Ct Act § 301.2 [1]; Penal Law § 30.00 [2]; Matter of Raymond G., 93 NY2d 531), in its enactment of Social Services Law § 378-a, the Legislature limited the fingerprinting requirement to prospective foster and adoptive parents and persons over age 18 who reside in their home. Indeed, while a juvenile over the age of seven may be arrested as a juvenile delinquent for acts which would constitute a crime were he or she an adult (Family Ct Act § 301.2 [1]; § 305.2 [2]), the juvenile delinquency statute does not authorize the fingerprinting of every alleged juvenile delinquent (Family Ct Act § 306.1 [1]). Indeed, the statute only authorizes the fingerprinting of juveniles over the age of 11 who commit felony acts (Family Ct Act § 306.1 [1] [a], [b]; Matter of Maurice C., 134 Misc 2d 354; Bell v Lennon, 971 F Supp 830 [SD NY 1997]; Besharov and Sobie, Practice Comentaries, McKinney’s Cons Law of NY, Book 29A, Family Court Act § 306.1, at 80),[4] which indicates a legislative intent to circumscribe the fingerprinting of children.
Therefore, given the Legislature’s directive that only persons age 18 or older who reside in the home of a prospective foster or adoptive parent be fingerprinted, and the provisions of Family Court Act § 306.1 which limit the fingerprinting of accused juvenile delinquents, as well as the objections of Tommy and his mother to his being fingerprinted, the application to dispense with his fingerprinting is granted. However, the clerk shall conduct a search of the Family Court computerized record system to determine whether Tommy Jones has been the respondent in any juvenile delinquency or person in need of supervision proceeding which could be relevant to petitioner’s ability to care for the prospective adoptive child.

. All names are fictitious to protect the confidentiality of the parties.

. Added by L 1999, ch 7, § 7.

. Similar provisions are applicable where an individual seeks physical custody of a child for the purposes of a private placement adoption (22 NYCRR 205.58 [c] [2]; e.g., Matter of Michael JJ., 200 AD2d 80, 81; Matter of Female Infant K., 155 Misc 2d 178).

. The statute authorizes the fingerprinting of juveniles who are 11 or older and charged with committing a class A or B felony, as well as juveniles who are 13 or older who are charged with committing a class C, D, or E felony.