██ In the Matter of LEANDRE C., a Person Alleged to be a Juvenile Delinquent, Respondent. STEPHEN B. FLASH, as Tompkins County Deputy County Attorney, Appellant. [824 NYS2d 437]—

Mercure, J.P. Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered February 3, 2006, which, in a proceeding pursuant to Family Ct Act article 3, granted respondent's motion to suppress certain evidence.

In September 2005, an officer with the Tompkins County Sheriff's Department took respondent's fingerprints during the course of investigating the vandalization of a vehicle, an incident that took place when respondent was 12 years old. After respondent's fingerprints were determined to match latent prints found on the vehicle, petitioner initiated the instant proceeding, alleging that respondent committed an act which, if committed by an adult, would constitute criminal mischief in the fourth degree, a class A misdemeanor. Respondent moved to suppress the fingerprint evidence, arguing that because none of the offenses charged in the petition were felonies, the taking of his fingerprints was not authorized pursuant to Family Ct Act § 306.1. Family Court agreed and granted the motion to suppress, declining to reach the issue of whether the fingerprints were otherwise improperly obtained from respondent. Petitioner now appeals, arguing that while section 306.1 limits the submission to the Division of Criminal Justice Services (hereinafter DCJS) of fingerprints of children who have been arrested for or charged with felonies, it does not limit the taking of fingerprints as part of an investigation to identify the perpetrator of a crime. We agree and therefore now reverse.

Pursuant to Family Ct Act § 306.1 (1): "Following the arrest of a child alleged to be a juvenile delinquent, or the filing of a delinquency petition involving a child who has not been arrested, the arresting officer or other appropriate police officer or agency shall take or cause to be taken fingerprints of such child if . . . the child is [11] years of age or older and the crime which is the subject of the arrest or which is charged in the petition constitutes a class A or B felony; or . . . the child is [13] years of age or older and the crime which is the subject of the arrest or which is charged in the petition constitutes a class C, D or E felony." Such fingerprints are then forwarded to DCJS and the arresting officer or agency may not retain a copy thereof (*see* Family Ct Act § 306.1 [4]). Thus, the statute *requires* the taking of an accused juvenile delinquent's fingerprints when the crime charged is of sufficient severity, and it is irrelevant whether the case is adjusted or ultimately prosecuted (*see Matter of Maurice*

*C.*, 134 Misc 2d 354, 355 [1986]; *see also* Besharov and Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 306.1).

Contrary to respondent's argument that the statute was intended to prohibit the taking of fingerprints of juveniles unless they have been arrested for and charged with a felony, Family Ct Act § 306.1 is silent with respect to fingerprinting performed during the course of a criminal investigation. Indeed, rather than limit the fingerprinting of juveniles, the statute mandates such fingerprinting and maintenance of the records by DCJS under certain circumstances for the purposes of ''promot[ing] public safety and juvenile accountability'' (Governor's Mem approving L 1996, ch 645, 1996 McKinney's Session Laws of NY, at 1917), and enabling ''prosecutors across the state [to] be better able to identify and successfully prosecute violent and repeat offenders'' (Letter from Daniel L. Feldman, July 29, 1996, Bill Jacket, L 1996, ch 645). In sum, because Family Ct Act § 306.1 cannot be read as a prohibition on the practice of taking a juvenile's fingerprints solely for investigatory purposes (*see generally Matter of Pedro Q*, 82 Misc 2d 167, 169-170 [1975]), Family Court erred in granting respondent's motion to suppress solely on that basis and reversal and remittal is required here.

Crew III, Spain, Mugglin and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion denied, and matter remitted to the Family Court of Tompkins County for further proceedings not inconsistent with this Court's decision.